In Equity.

AETNA LIFE INSURANCE COMPANY *vs.* PATRICK F. TREMBLAY AND ARTHEMISE D. TREMBLAY.

Androscoggin.    Opinion September 17, 1906.

*Actions at Law. Equitable Defenses Thereto. Same Should be Interposed. Effect if not Interposed, Stated. Subrogation. R. S., c. 84, § 17.*

1.  A judgment for the plaintiff in an action at law concludes the defendant not only as to defenses actually made, but also as to defenses which could have been made and were not.

2.  The court cannot afterwards afford relief in equity against a judgment at law because of matter which was a defense to the action and could have been interposed therein.

3.  By R. S., c. 84, sec. 17, equitable as well as strict legal defenses may be pleaded in an action at law. Hence if equitable defenses are not so pleaded they cannot afterward be invoked as cause for relief in equity against the judgment.

4.  A life insurance company by paying the full amount of the policy of life insurance to one holding an assignment of the policy as security only, is

thereby subrogated to all the rights of such assignee upon the insurance money as against any claim therefor by a subsequent assignee of the policy; and is entitled to have the amount due the first assignee under his assignment deducted from the claim of the second assignee. Such right by subrogation exists without any formal assignment of his claims by the first assignee to the insurance company.

5.  Such right by subrogation is at least equitable matter of defense to an action at law upon the policy by the second assignee and under the statute, (if not at common law) it can and hence should be interposed in such action. It is not ground for subsequent relief in equity against the judgment.

In equity. On report. Bill dismissed.

Bill in equity. The facts upon which this bill was founded are fully stated in the opinion. After the hearing in the court of the first instance, the cause was "reported to the Law Court upon bill, answer, demurrers and proof, the Law Court to render such judgment, upon so much of the evidence as is legally admissible and competent, as the rights of the parties require."

The attention of the profession is especially called to the rules laid down in the first three paragraphs of the head notes, and also in the opinion, in relation to the necessity of pleading equitable defenses in actions at law. The point in this case is that the plaintiff in a former action at law against it did not interpose an alleged equitable defense which it had, and not having interposed such defense, it cannot now maintain its bill in equity, founded on the same facts as in the action at law, but is concluded by the judgment in the action at law.

The case fully appears in the opinion.

*Ralph W. Crockett,* for plaintiff.

*Oakes, Pulsifer & Ludden,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. The material facts are these: The plaintiff company, through its Canadian branch, issued a policy of life insurance for $2,000 to Jean O. Tremblay, then of Quebec Province, payable to his wife Arthémise or, in the event of her prior death, to his own

representatives.   In 1891 Tremblay, with his wife's consent, assigned
the policy to Mr. Cloutier of Quebec as security for advances made
and to be made by Cloutier for Tremblay.   The policy was delivered
to Cloutier with the assignment and retained by him till after
Tremblay's death at Quebec January 24, 1901, during which time
Cloutier, at the request of Tremblay and wife, paid the annual
premiums on the policy.   A few days previous to his death Tremblay
and his wife had assigned all their interest in the policy to their son,
Patrick F. Tremblay of Lewiston, Maine, (one of the defendants in
this suit) subject to Cloutier's rights under his prior assignment.
Upon the death of the insured, Mr. Cloutier and Mr. Patrick F.
Tremblay each claimed the whole insurance money, Patrick insisting
that little, if anything, was due Cloutier under the assignment to him.
The company thereupon, on April 9, 1901, paid into the Provincial
Treasury of Quebec, under a law of that Province, the amount
due on the policy, $1959.49.   On the 22nd of the same April
Cloutier began proceedings in the Superior Court of Quebec to
establish his claim to the insurance money thus deposited, and, on
June 8 following, obtained a judgment for the whole amount.   The
Provincial Treasurer thereupon paid over the entire sum to Cloutier
June 25th, 1901.

Patrick F. Tremblay, however, on May 22, 1901, began in the
Supreme Judicial Court of this state for Androscoggin County an
action at law against the insurance company to recover the amount
of the insurance policy under the assignment to him.   This action
came on for trial at the January term, 1902, when it was reported
to the Law Court upon the evidence without any stipulation as to
pleadings, that court to render such judgment as the rights of the
parties required.   The Law Court, in June, 1903, rendered judg-
ment against the company for the full amount of the policy,
$1959.49, and interest (see 97 Maine, 547.)   The company there-
upon procured from Cloutier a formal assignment of his claim upon
the insurance money, and then brought this bill in equity against
Patrick F. Tremblay, the plaintiff in that action at law, for the
ascertainment of the amount due Cloutier out of the fund and for
the deduction of that amount from the judgment.

Patrick F. Tremblay, the plaintiff in that action and the defendant in this suit, contends that all the facts necessary to sustain this bill were available to the company in defense of the action at law, and hence that the rights of the parties on those facts were adjudicated in that action and cannot be litigated again in this suit.

If the material facts now alleged were matters of defense to the action at law and could have been interposed in defense in that action, this bill cannot be sustained. It is common learning that the judgment in an action at law is conclusive as to defenses actually made and also as to defenses which might have been made but were not. In *Milliken* v. *Dockray*, 80 Maine, 82, it was expressly decided that "a defense which may be interposed in an action at law cannot be invoked as a cause for relief in equity." The only question, therefore, upon this contention of the plaintiff is whether the material facts now brought forward show any right in the insurance company against Patrick F. Tremblay or the insurance money which was not a matter of defense to his action or could not have been interposed in defense to that action.

The evidence does not disclose any new right in the company arising since the judgment or even since the trial of the action at law. True, the formal assignment by Mr. Cloutier to the company of all his claim upon the insurance money was made after that judgment, but that assignment did not create any new right in the company. The right of the company to enforce for its own benefit the claim of Cloutier upon the insurance money (if valid) came into being as early as June 25, 1901, when the treasurer of Quebec paid the insurance money to Cloutier in pursuance of the order of the Quebec court, and long before the trial of the action at law in this state. The company then became subrogated to the right of Cloutier to any part of the insurance money, and could then interpose that right against any claim or action by Patrick F. Tremblay or any one else for that money. The latter formal assignment from Cloutier added nothing to that right of the company.

It should be borne in mind here that this equity suit is to have the claim of Cloutier upon the insurance money adjudicated and the amount thus adjudicated deducted from the judgment against

the company in the action at law. The question, therefore, is narrowed to this: Was the claim of the company thus acquired from Cloutier by subrogation a matter of defense to the action at law, and could it have been interposed in defense in that action?

The Cloutier claim was clearly a matter of defense. It was not a separate, independent claim against Patrick F. Tremblay which the company could file in set off in Tremblay's action, or bring a separate action upon it as it might elect. The claim was only upon the insurance money, and, as against Tremblay, could only be used to reduce his claim upon that money. It could not be enforced against Tremblay personally.

It is also clear, we think, that the Cloutier claim could have been effectually interposed in defense of the action at law. Whatever might have been the difficulty, if any, at common law, we see none under our statute. By R. S., ch. 84, sec. 17, "any defendant may plead in defense to any action at law in the Supreme Judicial Court any matter which would be ground of relief in equity and shall receive such relief as he would be entitled to receive in equity against the claims of the plaintiff." This language is clearly broad enough to include the Cloutier claim. Nor was there any difficulty in pleading the matter, for under the same statute it could have been "pleaded in the form of a brief statement under the general issue." See *Miller* v. *Packing Co.*, 88 Maine, 605. Further, the action at law was reported upon the evidence without any limitation of the court to the pleadings, and hence the Law Court could have given effect to any matter of defense disclosed by the evidence even if not pleaded.

It is suggested that the desired relief was not the company's right in the action at law, but was rather a matter of grace; that to have obtained the relief would have required a transformation of the action at law into a suit in equity as provided by statute, and that the court had the power to refuse to order such transformation. No such transformation was necessary. There was no difficulty in affording the desired relief in the action at law. The question of the validity and amount of the Cloutier claim could have been determined in that action, with or without the assistance of an auditor or jury, as fully

and accurately as in an equity suit. It was the right of the company to have that question determined in that action.

The company urges that the relief now asked for is solely of an equitable nature and has long been recognized as peculiarly for equity courts to grant through equity suits, and it invokes the doctrine that the power and duty of the court to afford relief by decrees in equity are not affected by legislation enabling the court to afford such relief in actions at law. True, the statute does not in the least abridge or limit the equity powers of the court, but it does provide how and when those powers may be exercised. It commands the court to afford equitable relief to a defendant when asked for in an action at law as a defense to that action, if, as in this case the relief can be thus afforded. The statute makes the grounds for such relief available as matters of right in defense in an action at law. It thus became the duty of the defendant in such action to present in that action all the defenses he can and desires to make, whether legal or equitable in their nature. It follows that a defendant cannot now withhold an available defense, even though equitable in its nature, in the trial of an action at law, and after judgment against him bring forward that defense in a new suit, and require the court to give it effect by amending or modifying its former judgment. We think one purpose of the statute was not only to remove the necessity of, but to prevent, such procedure.

If, as is suggested, the Cloutier claim was before the court in the action at law but was not considered, or, if considered, was erroneously disallowed, or if for any reason justice was not done in the action at law through accident, mistake or misfortune, and a further hearing would be just and equitable, the company's remedy is by a petition for a review of that action, not by a new original suit alleging matters that were or could have been interposed in defense of the first suit.

*Bill dismissed with one bill of costs for defendants.*