SYLVAN SHURTLEFF *vs.* BENJAMIN F. THOMPSON.

*Review granted where defendant was defaulted by mistake.*

A review will be granted, that a discharge in bankruptcy may be pleaded, where the petitioner's counsel in the original action failed to appear for him in defence, though requested so to do, through a mistaken supposition that counsel who had been employed by another defendant also represented the petitioner, and would protect his interests.

ON REPORT.

PETITION FOR REVIEW of an action of assumpsit, brought by Mr. Thompson against Alvah and Sylvan Shurtleff. The presid-

Shurtleff *v.* Thompson.

ing justice found and reported the following facts, upon which judgment is to be entered according to the rights of the parties, viz : that William L. Putnam, Esq., was retained as the attorney of Sylvan Shurtleff in his application to the district court of the United States for the benefit of the bankrupt act, as well as in the action now sought to be reviewed. The petition in bankruptcy was filed August 24, 1870, and the writ in the suit of Thompson against the Shurtleffs was entered at the February term, 1871, of the superior court. The petitioner handed the summons in that case served upon him, to his said counsel, who did not appear therein, however, because he saw that Howard & Cleaves had entered a general appearance, these gentlemen having been employed by Alvah Shurtleff, and not by this petitioner. At the March term, 1871, the plaintiff discontinued as to Alvah Shurtleff, and Sylvan was defaulted. He had no knowledge of this, or that Mr. Putnam did not appear for him in that suit, till August 10, 1872, when he was arrested upon an *alias* execution issued upon the judgment rendered therein. To obtain his release from this arrest, he gave the statute six months bond, but performed none of its conditions and an action is pending upon it. Sylvan Shurtleff obtained his discharge in bankruptcy, July 15, 1871. He expected and intended that Mr. Putnam would suggest his bankruptcy and plead the discharge in Mr. Thompson's suit, which was upon a claim provable in bankruptcy, being for goods delivered by the plaintiff in that case upon orders drawn by S. Shurtleff, in the name of the firm of A. & S. Shurtleff. While that cause was pending, this petitioner consulted Judge Howard about it, who procured these orders of Mr. Thompson's counsel, in order to show them to Sylvan Shurtleff.

*Howard & Cleaves*, for the petitioner.

Bankruptcy and his discharge were a perfect defence, which Mr. Shurtleff was entitled to and intended to make ; but was deprived of it by accident and mistake, without consent, knowledge or fault on his part. This entitles him to a review of that action.

*J. O'Donnell*, for the respondent.

The burden is on the petitioner to show due diligence, which he fails to do. This respondent only pursued his claim regularly and tried to enforce it. He sued the firm of A. & S. Shurtleff. Howard & Cleaves appeared generally, and filed joint pleadings, not as attorneys for either individually. The action was tried in due course, and resulted in a discontinuance as to Alvah Shurtleff and judgment against Sylvan, on the ground that their firm was dissolved long before the goods were sold by the plaintiff, the use by Sylvan of the firm's name in the orders for them being unauthorized and fraudulent. Should such a creditor suffer, then, because Mr. Putnam did not see fit to appear, but (as well as his client) acquiesced in and ratified the general appearance of Howard & Cleaves. *Crooker* v. *Randall*, 53 Maine, 355. By consenting to a default, and allowing us to take judgment, Sylvan Shurtleff prevented our proving our claim in bankruptcy, since it was merged in the judgment of a date subsequent to the twenty-fourth day of August, 1870. *Sampson* v. *Clark*, 2 Cush., 173; *Bradford* v. *Rice*, 102 Mass., 474; *Woodbury* v. *Perkins*, 5 Cush., 86. The review would only create annoyance in the action upon the bond, which virtually satisfied the judgment. *Sturdivant* v. *Greeley*, 4 Maine, 535; *Brown* v. *Brigham*, 5 Allen, 584.

RESCRIPT.

At the March term, 1871, of the superior court, the petitioner, one of the defendants in the original action, was defaulted without appearance. He intended to appear by counsel which he had previously retained for that purpose.

He had a full, legal defence; but his counsel failed to appear and make it, for the reason that the latter mistakenly supposed that the petitioner's co-defendant's counsel also appeared for the petitioner.

*Held*—that a review be granted.