EMMA M. DONNELL, Petitioner for Review,

*vs.*

E. Y. HODSDON.

Androscoggin.    Opinion February 19, 1907.

*Review.  Same will be granted, when.  What petition must allege.  Negligence of Attorney.  R. S., chapter 91, section 1; same, clause VII.*

1. A petition for a review of a civil action is a statutory remedy to be granted only "in the special cases" named in the statute, R. S., chapter 91, section 1.

2. Under clause VII of the statute, the petition must allege and prove to the satisfaction of the court at nisi prius three propositions, (1) that justice has not been done; (2) that the consequent injustice was through fraud, accident, mistake or misfortune; and (3) that a further hearing would be just and equitable.

3. A ruling that the negligence of his attorney entitles the petitioner to a review is erroneous. It ignores the other requisites of the statute.

On exceptions by defendant.    Sustained.

Petition for review entered and heard at the September term, 1906, of the Supreme Judicial Court, Androscoggin County.    The bill of exceptions states the case as follows :

"This is a petition for review in which the petitioner prays to have a review of a certain civil action commenced against her in the Municipal Court for the City of Auburn in said County by E. Y. Hodsdon, and entered at the May term, 1906, in said court, in which action the petitioner was defaulted on the 28th day of May, A. D. 1906.

The presiding Justice after hearing the evidence, found as a matter of fact that the writ in the original action was properly served ; that the petitioner herein procured the services of an attorney, and that such attorney properly entered his appearance in court; that the action was properly assigned for trial, and the attorney for the petitioner had actual notice of the date set for such trial. The presiding Justice also found as a matter of fact that a default in said case was entered after notice to said attorney and with his knowledge, and that the failure to defend occurred through the negligence and fault of the attorney for the petitioner, and ruled that failure of the attorney for said petitioner to do his duty was not negligence on the part of the petitioner, but was such accident, mistake or misfortune on her part as would entitle her to a review." To all these rulings the defendant excepted.

*Arthur L. Bennett*, for plaintiff.

*S. Merritt Farnum, Jr.*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

EMERY, C. J. A petition for a review of a civil action is a statutory remedy to be granted only " in the special cases " named in the statute. R. S., ch. 91, sec. 1. The only "special case" invoked in this petition is that stated in clause No. VII of the statute, which clause provides that " a review may be granted in any case where it appears that through fraud, accident, mistake or misfortune justice has not been done, and that a further hearing would be just and equitable." At the hearing upon this petition the presiding Justice found as a fact that the petitioner's attorney, who had appeared for her in the action sought to be reviewed, failed through negligence to notify her of the day set for the trial of the action, and hence she did not appear for trial and so was defaulted. The presiding Justice ruled that this negligence of her attorney "was such accident, mistake or misfortune on her part as would entitle her to a review." No other facts appear to have been shown as cause for a review, and hence the ruling was practically that nothing else was

necessary to be shown, as that fact was enough to entitle the petitioner to a review.

We think the ruling was wrong. It ignored other statutory requisites to the granting of a review on this petition. Under clause VII upon which this petition is based, the petitioner is not entitled to a review unless he proves to the satisfaction of the court at nisi prius three propositions; (1) that justice has not been done; (2) that the consequent injustice was through fraud, accident, mistake or misfortune; and (3) that a further hearing would be just and equitable. If the presiding Justice is satisfied of all these and grants the petition or is not satisfied of some one of them and denies the petition, his decision is final and not subject to review upon exceptions. Where, however, as here, the presiding Justice rules in effect that it is enough to show the negligent omission of the attorney to notify the client of the day set for trial, and that he, the presiding Justice, need not be satisfied of anything else, such ruling is subject to exception and for the reasons above stated is erroneous. It grants a review although there may not be any defense to the action, and although a further hearing would not be just nor equitable. It was declared in *Stillman* v. *Donovan*, 170 Mass. 360, that such negligence was not sufficient cause for a review.

*Exceptions sustained.*