EDWARD GRANT et als. *vs.* GEORGE L. SPEAR.

Cumberland.    Opinion August 11, 1909.

*Petition for Review.    Same Granted.    Decision not Reviewable on Exceptions.*
*Revised Statutes, chapter 91, section 1, paragraph VII.*

If the presiding Justice, hearing a petition for review, finds that through
   fraud, accident, mistake or misfortune justice has not been done, and that
   a further hearing would be just and equitable, and grants the petition, his
   decision is not reviewable on exceptions.

On exceptions by defendant.    Overruled.

Petition for writ of review brought in the Supreme Judicial Court,
Cumberland County.    The presiding Justice granted the review and
the defendant excepted.

The case is stated in the opinion.

*George C. Wheeler, and Elmer E. Richards,* for plaintiff.

*James A. Connellan, and William A. Connellan,* for defendant.

SITTING :    WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

SAVAGE, J.    This is a petition for a writ of review, and the case
comes up on exceptions to the ruling and decision of the presiding
Justice, granting a review.

The case shows the petitioners, who were the original defendants,
were sued; that they intended to appear and defend; that they
retained an attorney to appear for them in the suit; that the attorney
neglected to enter an appearance for them at the return term, in
consequence of which they were defaulted.    The neglect of the
attorney arose through a mistaken belief or recollection that he had
written to the clerk and requested an appearance to be entered.

It is not necessary in this case to inquire under what circumstances
a party may be debarred of a review by the negligence of his
attorney.    Doubtless there are cases in which he should be debarred,
and in others not.    *Knight* v. *Bean,* 19 Maine, 259 ; *Shurtleff* v.

*Thompson*, 63 Maine, 118; *Sherman* v. *Ward*, 73 Maine, 29; *Donnell* v. *Hodsdon*, 102 Maine, 420. In this case the presiding Justice found that the negligence of the attorney was such "accident, mistake or misfortune" on the part of the petitioners as would entitle them to a review under R. S., c. 91, s. 1, par. VII. That statute provides that "a review may be granted in any case where it appears that through fraud, accident, mistake or misfortune, justice has not been done, and that a further hearing would be just and equitable, if a petition therefor is presented to the court within six years after judgment." And the presiding Justice also found that "justice had not been done" and that "a further hearing would be just and equitable."

It was said by this court in *Donnell* v. *Hodsdon*, 102 Maine, 420, that "if the presiding Justice is satisfied" of all three of these elements, (1) fraud, accident, mistake or misfortune, (2) failure of justice thereby, and (3) that a further hearing would be just and equitable, "and grants the petition, or is not satisfied of some one of them, and denies the petition, his decision is final, and not subject to review upon exceptions." This rule is decisive of this case. Here the presiding Justice found all these elements in favor of the petitioner, and his decision concludes the matter, while in the case of *Donnell* v. *Hodsdon*, only one of the three elements had been found by the presiding Justice, and exceptions to his decision granting a review were on that account sustained.

*Exceptions overruled.*