HARRY M. TAYLOR *vs.* MORGAN & COMPANY.

Cumberland.    Opinion November 21, 1910.

*Review. Judgment by Default. Reopening. Burden of Proof. Discretion as to Review. Revised Statutes, chapter 83, section 79 ; chapter 91, section 1, clause VII.*

Revised Statutes, chapter 91, section 1, clause VII, provides as follows : ".A review may be granted in any case where it appears that through fraud, accident, mistake or misfortune, justice had not been done, and that a further hearing would be just and equitable, if a petition therefor is presented to the court within six years after judgment." *Held :* That this clause cast upon a petitioner seeking a review thereunder, in an action in which he was defaulted and judgment was rendered against him, the burden of negativing negligence on the part of himself and of his attorney and that the burden was not sustained, it not affirmatively appearing that the judgment was rendered without the negligence of the attorney employed by the petitioner, and the negligence of the attorney, unexplained, was the negligence of the petitioner.

Each petition for review is addressed to the sound discretion of the court, and must rest upon its own proven facts.

On report.    Petition denied.

Petition for review of an action of assumpsit brought by Morgan & Company, a corporation, against the petitioner and in which he was defaulted and judgment was rendered against him for $184.85. The defendant filed an answer.    At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

NOTE.    The plaintiff's attorney in the case at bar is not the attorney employed by him to defend in the action brought against him by Morgan & Company.

*Michael T. O'Brien,* for plaintiff.

*William H. Gulliver,* for defendant.

Sitting:   Emery,  C.  J.,  Savage,  Peabody,  Spear,  Cornish, King, JJ.

Cornish, J.   The facts are these.

On March 24, 1909, Morgan & Co. brought suit against Harry M. Taylor, the now petitioner for review, returnable at the May term, 1909, of the Superior Court for Cumberland County.   The attachment of personal property made in this suit was vacated before entry, by the defendant giving bond with sureties under R. S., ch. 83, sec. 79.   No appearance was entered for the defendant in the Superior Court and judgment was rendered for the plaintiffs Morgan & Co. by default, on June 4, 1909, for $184.85.

On April 15, 1909, Taylor was adjudged bankrupt upon involuntary proceedings in the United States District Court and a composition settlement was confirmed on June 5, 1909.   Morgan & Co. were included in the list of creditors but did not appear and file proof of their claim.   Taylor employed an attorney in his bankruptcy proceedings and instructed him to enter his appearance in that case and to protect his interests.   The attorney assured him that he would, but failed to do so.   The plaintiff's attorney also called Taylor's attention to the case after it was entered in court and before judgment and suggested that he see his attorney in relation to it as he was going on with the matter if it was not attended to.   Taylor says that he subsequently interviewed his attorney and told him again to look after the matter and "see what the trouble was," which the attorney promised to do.   It further appears that during the pendency of the suit several interviews took place between the attorneys of the two parties in which was discussed the question whether the bankruptcy of Taylor relieved the sureties on the attachment bond. Whether Taylor's attorney came to the conclusion that this was the legal consequence and therefore thought it useless to enter his appearance in the suit and suggest the bankruptcy of the defendant, there being no controversy as to the debt itself or its amount, or whether he simply neglected to do so does not appear.   The attorney was not called as a witness in these proceedings.   His explanation we are deprived of.   We do not know whether it was a mistake or

neglect on his part, or whether he intentionally refrained from appearing because of his opinion of the legal rights of the parties. We are left simply with the facts that Taylor employed an attorney to defend the suit and the attorney failed to do so. This is not adequate proof to give the petitioner relief under R. S., ch. 91, sec. 1, cl. VII, viz. "A review may be granted in any case where it appears that through fraud, accident, mistake or misfortune, justice has not been done and that a further hearing would be just and equitable." This clause casts upon the petitioner the burden of negativing negligence on the part of himself and of his attorney and that burden is not sustained. It does not affirmatively appear that this judgment was rendered without the negligence of the attorney, and his negligence unexplained is the negligence of the client. True, such apparent neglect on the part of the attorney may arise through such a mistaken belief as to what has been done by himself or others as to bring a given case within the terms of the statute, as in *Shurtleff* v. *Thompson*, 63 Maine, 118; *Sherman* v. *Ward*, 73 Maine, 29, and *Grant* v. *Spear*, 105 Maine, 508; or it may not, as in the somewhat analogous proceeding in *Beale* v. *Swasey*, 106 Maine, 35. Each petition for review is addressed to the sound discretion of the court and must rest upon its own proven facts. The evidence adduced in the one at bar is wholly inadequate to bring the case within the purview of the statute and to secure the relief prayed for. We reach this conclusion with less reluctance because the judgment is admitted to be just and the re-opening of the case would serve simply to deprive the plaintiff of a portion at least of his honest claim.

*Petition denied with costs for respondent.*