## CURTIS H. BURT *vs.* IDA M. HODSDON.

### Plymouth. March 22, 1922. — July 1, 1922.

### Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

#### *Review. Land Court.*

Upon the hearing of a petition in the Land Court for a review of a decree granting a petition to foreclose a tax lien upon land of the petitioner in review, it appeared that the petitioner was an attorney at law and had entered his appearance opposing the former petition and had offered to redeem; that his opponent therein had moved that the case be assigned for trial and had given notice of the motion by mail to the office of the petitioner for review; that, just before the filing of the motion, the petitioner for review suddenly had been taken ill on the street and had been removed to a hospital where he still remained when the petition for review was heard; that his family, who had been told by the physician in attendance that he could not be interviewed about any matters of business, notified his office associates of these conditions but neglected to authorize them to attend to any of his personal or professional affairs; that his opponent's motion was presented, no one appeared to oppose it, and his opponent and the judge, acting without any knowledge of his illness, had the case assigned for a day certain and notice accordingly was sent to him by the recorder of the court; that the case then came on for hearing and he was defaulted; that the recorder as required by the rules of the court sent notice by mail of the default to him addressed to his office and a decree was entered foreclosing the lien; that entry then was made upon the property in accordance with the decree, the family of the petitioner in review were informed of the change in title, and the petition for review was brought in his behalf. The judge granted the petition in the exercise of his discretion upon terms. *Held,* that

(1) It was proper to deny a request of the respondent in review for a ruling that "where a party has been properly served with process, has appeared and answered in the original cause, has been properly notified by the court that the case has been set down for a hearing on a given date, does not appear upon the date assigned for trial, is defaulted and judgment entered, a writ of review does not lie;"

(2) A finding was warranted that the petitioner in review "failed to receive any notice of the motion to assign, of the assignment and of the default [in the original case], as absolutely as if no such notices had ever been sent;"

(3) A further statement of the judge in his decision that "In my opinion said defendant, the present petitioner, has a substantial case upon the merits, which by accident and without fault on his part he had no opportunity of presenting," was not an error of law;

(4) No error was committed in granting the petition for review as a matter of discretion.

PETITION, filed in the Land Court on July 9, 1921, for review of a decree of that court entered on May 24, 1921, in a petition

in which the present petitioner was respondent, foreclosing and barring all rights of redemption "under the deed of land given by the Collector of Taxes for the Town of Hull . . . dated October 9, 1918, and duly recorded in book 1312, page 138" of a lot of land on Point Allerton Avenue in Hull.

The petition for review was heard by *Davis*, J., who filed a decision allowing the petition in the exercise of his discretion "upon terms that the petitioner file a surety company bond in the sum of $1,000 to forthwith prosecute the review to final judgment, and if he fails to redeem to satisfy such execution as may issue against him on the review, and to account to the respondent for the rents and profits received since May 24, 1921." The respondent alleged exceptions.

*A. W. Eldredge*, for the respondent.

*W. S. McCallum*, for the petitioner, submitted a brief.

BRALEY, J. By G. L. c. 250, § 22, "After the entry of final judgment in a civil action, the court in which the judgment was entered may, upon petition, grant a writ of review. If judgment was rendered in the absence of the petitioner and without his knowledge, the petition shall be filed within one year after the petitioner first had notice of the judgment; otherwise, within one year after the judgment was rendered. In the supreme judicial or the Superior Court, the petition shall be filed in the county where the judgment was entered." It is settled that the granting of the petition rests substantially in the sound discretion of the court, the exercise of which will not be set aside unless positive error of law appears. *Sylvester* v. *Hubley*, 157 Mass. 306, 309. *Marsch* v. *Southern New England Railroad*, 235 Mass. 304, 305.

The facts recited in the record show that the petitioner, an attorney at law, was the defendant in a suit to foreclose a tax lien under St. 1915, c. 237, § 4 (see now G. L. c. 60, §§ 64–75), in which he had entered his appearance and offered to redeem. The plaintiff moved that the case be assigned for trial, and notice of the motion was sent by mail to the petitioner's office. But, just before the filing of the motion, he had suddenly been taken ill on the street and been removed to a hospital where he still remained when the petition for review was heard. The family, who had been told by the physician in attendance that he could not be interviewed about any matters of business, notified his office

associates of these conditions, but neglected to authorize them to attend to any of his personal or professional affairs. The motion being presented, no one appeared in opposition, and the plaintiff and the court, acting without any knowledge of his illness, had the case assigned for a day certain, and notice accordingly was sent to him by the recorder or clerk of the court. The case came on for hearing, and the defendant was defaulted. The recorder as required by the rules of the court sent notice by mail of the default to the defendant at his office, and a decree was entered foreclosing the lien. The plaintiff thereafter having entered upon the property and notified the tenants of her ownership, they informed the defendant's family of the change in title and the present petition was brought in behalf of the defendant.

The judge was requested by the respondent to rule, that "where a party has been properly served with process, has appeared and answered in the original cause, has been properly notified by the court that the case has been set down for a hearing on a given date, does not appear upon the date assigned for trial, is defaulted and judgment entered, a writ of review does not lie." The request was denied rightly. *Boston* v. *Robbins*, 116 Mass. 313, 314. The judge was warranted in finding that the defendant "failed to receive any notice of the motion to assign, of the assignment and of the default as absolutely as if no such notices had ever been sent." He also had before him the record in the tax lien foreclosure proceedings, and his further statement, that "In my opinion said defendant, the present petitioner, has a substantial case upon the merits, which by accident and without fault on his part he had no opportunity of presenting," is not an error of law. A manifest injustice would be done if through no fault or neglect of his own as the judge has found, the petitioner was denied the opportunity of presenting his defence for judicial examination, consideration and determination. *Golden* v. *Blaskopf*, 126 Mass. 523, 525.

*Exceptions overruled.*