INHABITANTS OF THOMASTON *vs.* EMMA R. STARRETT, EXCX.

Knox.     Opinion September 30, 1929.

*Ensign Otis,*
*Rodney I. Thompson,* for plaintiff.
*Charles T. Smalley,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, BASSETT, JJ.

BASSETT, J. Petition to the Supreme Judicial Court of Knox County for a review of a complaint brought under R. S., Chap. 24, Sec. 84, in which the present defendant's testate was complainant and the petitioner was defendant, for the assessment of damages to his property in Thomaston caused by raising the grade of a street in front of it in the construction of a bridge. The case was reported to the Law Court and judgment given for the complainant by the Court in its decision reported in *Starrett* v. *Thomaston,* 126 Me., 205.

The petition is brought under R. S., Chap. 94, Sec. 1, Par VII, providing, "A review may be granted in any case where it appears that through fraud, accident, mistake or misfortune, justice has not been done, and a further hearing would be just and equitable."

The petitioner alleges two grounds of relief; first a "mistake" of the Law Court in its above decision in inferring from the proceedings of the State Highway Commission that the way upon which the bridge was constructed and the grade of which was raised was a town way, when it was in fact a state highway and consequently the defendant was not legally liable for any damage caused by the change of grade; and second, that "due to accident or mistake" the three commissioners, appointed by agreement of the parties by the Court to determine the amount of damage, based their finding upon a computation outside the scope of their authority and found an excessive amount of damage.

The sitting Justice, upon motion of the respondent, dismissed the petition and the case comes up on exceptions to that ruling.

In *Donnell* v. *Hodsdon*, 102 Me., 420, upon a petition for review brought under Par. VII, the presiding Justice after hearing the evidence found as a matter of fact that the default of the petitioner in the action sought to be reviewed occurred through the negligence of her attorney and ruled that it was such accident, mistake or misfortune on her part as would entitle her to a review. Upon exceptions, this court held the ruling was wrong because it ignored other statutory requisites to the granting of a review. "Under clause VII upon which this petition is based, the petitioner is not entitled to a review unless he proves to the satisfaction of the court at *nisi prius* three propositions (1) that justice has not been done; (2) that the consequent injustice was through fraud, accident, mistake or misfortune; and (3) that a further hearing would be just and equitable. If the presiding Justice is satisfied of all those and grants the petition or is not satisfied of some of them and denies the petition, his decision is final and not subject to review upon exceptions. Where however as here the presiding Justice rules in effect that it is enough to show the negligent omission of the attorney to notify the client of the day set for trial and that he, the presiding Justice, need not be satisfied of anything else, such ruling is subject to exception and for the reasons above stated is erroneous. It grants a review although there may not be a defense to the action and although a further hearing would not be just or equitable."

In *Grant* v. *Spear*, 105 Me., 508, also a petition for review under the same clause, the presiding Justice found on hearing that the negligence of the petitioner's attorney was such "accident, mistake or misfortune" as would entitle to a review, and also that "justice had not been done" and that "a further hearing would be just and equitable." Exceptions to the decision of the presiding Justice were overruled. The Court said the rule in *Donnell* v. *Hodsdon*, supra, was decisive of the case. While in that case only one of the three elements had been found by the presiding Justice, here he had found all the elements in favor of the petitioner and his decision concluded the matter.

In *McDonough* v. *Blossom*, 109 Me., 141, the Court quoted with approval the rule of *Donnell* v. *Hodsdon*, and decided, the case

coming up on report, that the three propositions which must be proved had been proved by the evidence and ordered writ of review to issue.

At the hearing on the petition in the instant case, no evidence was presented. Before the presiding Justice were the petition, motion, the original printed case, which were printed together, *Starrett* v. *Inhabitants of the Town of Thomaston* and *Starrett* v. *State Highway Commission*, and which were made part of the bill of exceptions, and the above cited decision of this court.

The motion to dismiss was based on three grounds: first, *res adjudicata*; second, that Starrett died in November, 1927, following the above decision of this court in April, 1927, and it would be inequitable to require a rehearing on the case without his assistance and the petitioner could have filed the petition in his lifetime; third, because it does not appear in the petition that a review if granted would result in any material alteration of the decree of this court.

Upon the foregoing record, the presiding Justice ordered "Motion granted. Petition dismissed," to which ruling exceptions were taken.

In *Donnell* v. *Hodsdon*, supra, it is held that the decision of the presiding Justice "is final and not subject to review upon exceptions."

In *York & Cumberland Railroad Company* v. *Clark*, 45 Me., 151 (1858), the sitting Justice ordered a petition for review to be dismissed and the petitioner filed exceptions. The opinion states, "This case comes before us upon exceptions taken to the ruling of the Judge at *nisi prius*, in ordering the dismissal of a petition for review upon the whole case as presented before him. His adjudication, therefore, must have involved the determination of all such questions of law and fact as arose at the hearing. That both questions of law and fact were embraced in that adjudication is apparent, from the statement of the case, as contained in the exceptions. There is, however, no specific ruling in relation to any matter of fact or law, other than what relates to the admissibility of certain evidence, which was objected to by the petitioner, and admitted. Upon the merits, the only ruling consists in the order of

dismissal." The opinion goes on to state that under the statutes for review then in force, as under the earlier statutes, "all matters of fact or of discretion were left wholly to the determination of the presiding Judge and his decision in relation thereto was final. . . . In view of the numerous decisions, and the statutes we think it clear that prior to the R. S. of 1857, Chap. 77, Sec. 27, exceptions were not allowed in cases like the present, unless some question of law was therein distinctly presented." The Court held that the statute referred to did not apply and said, "As the same power which was vested in the Law Court (the whole court) at the time of this decision (*Leighton* v. *Manson*, 14 Me., 213 [1837]) is now vested in a single Justice, no reason is apparent why such Justice, in a hearing upon a petition for review, is not clothed with the same discretion as the Law Court formerly was. In both cases, the discretion to be exercised must be the discretion of the particular tribunal in which the law has placed it. An exception to the refusal of a judge to take off a default stands on the same ground. As there is no substantial difference in the effect of an adjudication upon a petition for review, and upon a motion to take off a nonsuit or default, all alike being matters of discretion, there is no reason why the same rule in regard to the right of exception should not be applied to each, and to all other cases where a like discretionary power is exercised. Perceiving no error in regard to any specific question of law raised upon the exceptions, the conclusion to which the Court have arrived in view of the whole subject — is that the exceptions must be dismissed."

In *Scruton* v. *Moulton*, 45 Me., 417 (1858), a petition for review was denied and exceptions taken, a report of the evidence adduced at the hearing being made a part of the bill. The exceptions were dismissed. The Court said, "In other cases referred to, upon petitions for review, the Judge has decided as matter of law, certain questions, and exceptions have been regarded as properly taken to such decisions and have been entertained and heard by the law Court. In the case presented, all the evidence adduced upon the hearing of the petition has been reported; and it does not appear that the Judge expressed any opinion, or gave any direction or judgment on matter of law; but he denied the review, in

the exercise of his discretion, upon the facts adduced in evidence."

These were decisions in cases which arose under the review statutes prior to the present review statute.

By the first statutes (1821, Chap. 57, Sec. 1), the Supreme Court, as a court, was empowered to grant review of causes "if they saw fit" and "on such terms and conditions as to them seem reasonable."

By the Revision of 1840, Chap. 123, Sec. 1, the Court was empowered to grant review in all civil suits "whenever they shall judge it reasonable and for the advancement of justice." By Sec. 2 of the same chapter, any Justice of the District Court had concurrent power to grant reviews.

In 1852 (P. L., Chap. 246, Sec. 13), the presiding Justice was empowered to hear and determine petitions for review "subject to exceptions to any matter of law by him so decided and determined." This provision says the Court, in *York & Cumberland R. R.* v. *Clark*, supra, "seems to have been inserted to confer a right which under the then existing statutes did not exist. . . . Without such provision the adjudication of a single Justice upon a petition for review, would, undoubtedly, have fallen within the general current of authorities wherein it is decided that exceptions will not lie to matters of discretion."

This provision was omitted by the Revision of 1857, Chap. 89, Sec. 1.

In 1858, Chap. 40, what is now the first clause or paragraph of the present review statute was enacted; in 1859, Chap. 94, the second and third; in 1862, Chaps. 107 and 133, the fourth and fifth; in 1863, Chap. 200, the sixth; and in 1868, Chap. 164, the seventh.

By the revision of 1840, Chap. 115, Sec. 7, provision was made for a writ of review "of right" in case of the default of an absent defendant. This provision in its present form is R. S., Chap. 87, Sec. 5.

In *Jones* v. *Eaton*, 51 Me., 386 (1863), where a review was granted only in case the defendant should fail to comply with certain terms, exceptions were overruled. The Court said, "When a review is not 'of right' its allowance or refusal rests wholly

upon judicial discretion. . . . And in such cases it may be done upon such terms and conditions as the Court may deem reasonable."

The rule was confirmed in *Austin* v. *Dunham*, 65 Me., 533 (1876).

In *Sherman* v. *Ward*, 73 Me., 30 (1881), exceptions to the granting of a review on a default without appearance were overruled. The Court said, "A review may be granted of right in certain cases where there is a default without appearance . . . or it may be granted as matter of discretion. Here the presiding Justice granted a review as a matter of discretion. . . . To the exercise of the discretionary power of the Court, exception will not lie. A petition for review is like a motion for a new trial. It is addressed to the discretion of the Court."

In *Berry* v. *Titus*, 76 Me., 285 (1884), where a review was granted because, as found by the Justice, by reason of accident or mistake injustice had not been done in two actions of replevin, the opinion held that his finding was conclusive and exceptions did not lie. "The ground for review in these cases appealed to the discretion of the Court. It could not be had of right but solely because the Court in the exercise of its judicial discretion saw fit to grant it. A court in the exercise of that discretion may impose terms and conditions upon which the rights or privileges granted shall be exercised or enjoyed."

In *Sawyer* v. *Chase*, 92 Me., 252 (1898), in a petition for leave to enter an appeal from a decree of a Judge of Probate, the opinion, upon the authority of *York & Cumberland Railroad Company* v. *Clark*, supra, and *Scruton* v. *Moulton*, supra, states, "So exceptions do not lie to a refusal to grant a review."

A petition for review is addressed to the discretion of the Court and its decision thereon can be revised upon exceptions only for erroneous rulings in matter of law.

The same rule is held in the decisions of the Massachusetts Supreme Court under the statutes of review of that Commonwealth, by which the Supreme Court was empowered to "grant a review on such terms as they shall think reasonable" (R. S., 1836, Chap. 99, Sec. 19) ; "on such terms as it deems reasonable" (Gen.

Stats., 1860, Chap. 146, Sec. 21) ; "may, upon petition, grant a writ of review" (Rev. Law., 1902, Chap. 193, Sec. 22 ; Gen. Laws, 1921, Chap. 250, Sec. 22). *Dearborn* v. *Mathes*, 128 Mass., 194 ; *Sylvester* v. *Hubley*, 157 Mass., 306 ; *Stillman* v. *Whittemore*, 165 Mass., 234 ; *Browne* v. *Fairhall*, 218 Mass., 495 ; *Burt* v. *Hodsdon*, 242 Mass., 302.

The legal effect of the order of dismissal in the instant case was a determination by the sitting Justice that at least one of the three requisite propositions of the rule of *Donnell* v. *Hodsdon*, supra, as a matter of fact or of law, so far as either fact or law or both were involved, had not been proved to his satisfaction, with regard to both alleged mistakes. Which does not appear. Nor does it appear that he expressed any opinion or gave any direction or judgment on any matter of law or gave any specific ruling in relation to any matter of fact or law. Nor can it be said that his order upon the record necessarily raises only a question or questions of law.

The mandate must therefore be

*Exceptions overruled.*