GEORGE J. JASON, PET'R *vs.* J. HAROLD GODDARD ET AL.

Cumberland County.   Decided April 3, 1930.   This is a petition for a writ of review.

A civil action, returnable to the Superior Court in Cumberland County at the February, 1929, Term, had been begun against the petitioner by the respondents and service of summons made.

It may be that the petitioner retained an attorney in respect to the suit, but of this the testimony of the petitioner alone, bearing on the point, was so vague and withal so contradictory, that it may well have been stamped unsatisfactory.

On the return day of the writ in the action, petitioner himself came to the court, so he witnessed, but he never did make the fact of his presence there known, and he left without having made any pertinent inquiry.

In its turn the case was called. Petitioner made default. Judgment adverse to him was rendered for $1,115.25 damages and costs.

The instant proceeding is under a statute which provides among other things that, on a petition presented within six years after judgment, a review may be granted, where it appears that through accident or mistake, justice has not been done, and that a further hearing would be just and equitable. R. S., Chap. 94, Sec. 1, par. vii.

Absence of proof of the statutory elements, (a) accident or mistake, (b) that the judgment with unjustness is corrupted, (c) that in fairness and equitableness there should be for the original cause another judicial day, or the want of proof of any of these elements, leaves a petition for review such as this without judicial standing.

The Justice before whom the petition was heard must be held to have found at least one essential element not proved. He dismissed the petition. Exception was noted.

To the exercise of discretionary power, to which the petition had been addressed, exception will not lie. Exception, to be sure, lies to the abuse of magisterial discretion, but it is idle to argue in behalf of the petitioner that discretion was abused just because the Judge declined to go into the merits of that controversy to review which no sufficient basis had been shown. Exception overruled. *Harry E. Nixon*, for petitioner. *Oakes & Tapley*, for respondents.