SUMMIT THREAD COMPANY *vs.* ROBERT N. CORTHELL.

Androscoggin.    Opinion, January 24, 1934.

*George W. Abele,*
*Verrill, Hale, Booth & Ives,* for petitioner.
*Clifford & Clifford,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

PATTANGALL, C. J.   On exceptions. Petition for review. The original case, *Robert N. Corthell* v. *Summit Thread Company,* 132 Me., 94, 167 A., 79, came to this Court on report and resulted in judgment being ordered for plaintiff in the sum of $5,000 with interest from the date of the writ.

The then defendant, plaintiff in these proceedings, addressed this petition to a Justice of the Superior Court, asking for a review of the case on the ground of mistake having been made by this Court "in its consideration of the damages alleged to have been suffered" by defendant in review.

The record recites that in the court below the presiding Justice "did not purport to pass upon the case but made a pro forma ruling denying the petition."

Plaintiff contends that the form of the ruling accompanied by the explanatory words brings the case before us unprejudiced by the action of the court below. We do not so understand the situation. Review was denied and exceptions taken to the denial. The case is not here on report but on exceptions. Notwithstanding the form of the decision below, the effect is exactly as though the decree had been entered after careful consideration of the merits of the controversy.

A like question arose in *Wilson* v. *Littlefield,* 119 Me., 144, 109 A., 394. This was a proceeding in equity in which the Justice below

found for the plaintiff and filed a decree ordering payment by defendant of $129.11. The decree contained the following recital, "A transcript of the testimony in the case is filed as part of the decree and my findings are expressly declared to be pro forma." Counsel for defendant argued that, the decision being pro forma and not on the merits, the case stood as though it had come forward on report and that defendant was relieved from the burden of showing that the decision below was clearly wrong, the burden being still on plaintiff to make out a case by preponderating evidence. The Court refused to accept this theory, saying, "We are clearly presented with an appeal and must be governed by the well established rule that in case of an appeal, in equity proceedings the burden is upon the appellant. He must show that the decree appealed from is clearly wrong, otherwise it will be affirmed."

Applying this reasoning to the instant case, we conclude that the force and effect of the finding below is as though the Justice had denied the petition without the explanation given. In fact, if we did not so consider it, plaintiff would have nothing upon which to base exceptions.

It has repeatedly been held in this state that a petition for review is addressed to the discretion of the court by which it is heard, and that its decision can only be revised upon exceptions to erroneous rulings in matters of law. *Thomaston* v. *Starrett*, 128 Me., 328, 147 A., 427, and cases cited. A decree simply denying or dismissing the petition reveals no error of law and exceptions thereto do not lie.

Our discussion of the case might well be concluded at this point but there are certain features of these proceedings concerning which further comment seems necessary. Under our present statute, the Superior Court has exclusive original jurisdiction over petitions for review. We can not agree that the authority thus given extends to cases which have been finally adjudicated in the Supreme Judicial Court sitting as a Law Court.

We are familiar with the case of *Booth Bros.* v. *Hurricane Island Granite Co.*, 115 Me., 89, 97 A., 826, 827. In that case motion for rehearing was filed, alleging errors in the final decision made by the Law Court, and abandoned, there being no provision in this state by statute or rule for such rehearing. Petition for review was

then filed, the ground for relief stated being that "by inadvertence or accident an error was committed by the Law Court in overruling one of the Petitioner's exceptions." Chief Justice Savage, speaking for the Court, said, "The right to a review is created by statute, and is limited to the causes specified in the statute. It may be questioned whether the statute, by proper construction, embraces the inadvertences, or accidents, or mistakes of the tribunal which has heard and decided the case. It might, perhaps, properly be held that the words 'accident' and 'mistake' relate only to the conduct and understandings or misunderstandings or misfortunes of the parties, to extraneous matters connected with the preparation and trial of the case, and not in any sense to errors in the conclusions of the court, however caused. But for the present we have no occasion to say, and do not say, that there might not be a case of such palpable mistake in apprehending the evidence in a trial at nisi prius, or the record in a case before the Law Court, or such failure to consider them, as would bring it within the meaning of the statute. . . . As we conceive it, if there be any ground for holding that an alleged erroneous decision of the Law Court may be cause for review in any case, it is only when the court has by mistake assumed to be true what the record shows is not true, and its decision has been based upon the mistaken assumption, or has palpably failed to consider facts proved. When such a case comes before the court, the question will be considered further. We think no such error appears in this case."

The suggestion, that the failure of the Law Court to consider or to erroneously disallow a just claim might be cause for review, had previously appeared in *Insurance Company* v. *Tremblay*, 101 Me., 585, 65 A., 22; and it is on the authority of these cases that plaintiff in review based his procedure in the instant case and was not unjustified in so doing.

Much as we dislike to disagree with the views of such learned jurists as the authors of the opinions which we have cited, we are obliged to do so. We fully appreciate the position in which the Court was placed when it was suggested that failure to provide means for rehearing a case after final decision for the purpose of correcting manifest and admitted error left the Court helpless to act regardless of the injustice created. To admit such ineptitude

on the part of a court of last resort would be a confession of unpardonable weakness. We do not accept such a conclusion, but nevertheless we can not agree that statutory review points the way out of the dilemma.

Proceedings in review, under our present statute, begin with the filing of a petition in the Superior Court reciting the cause for the request. In such a case as the one at bar, the petition would be based upon the premise that the Supreme Court sitting as a Law Court had rendered a final decision which was obviously based in whole or in part on a mistake of fact or law or both. Should the Judge at nisi prius entertain the petition favorably, it would then be his duty to order the case "tried and disposed of as though it were an original suit." Sec. 10, Chap. 103, R. S. 1930. The correction of a mistake does not necessarily involve a new trial. It might involve a reduction or an increase in damages where damages could be mathematically computed. It might involve the relief from liability of one or more of several defendants. It might, of necessity, reverse the result. Within the narrow limits of the review statute, none of these things could be given consideration. The mistake, if mistake there were, could not be directly corrected and the case closed in a manner consistent with the correction. The suggested remedy involves taking the matter out of the hands of the court responsible for the alleged mistake, submitting to the judgment of one member of an inferior tribunal whether a mistake has or not been made and, if this is decided in the affirmative, beginning proceedings de novo.

In seeking to remedy a wrong, it is well to be careful not to create a situation more to be deplored than that of which original complaint is made. It seems to us such would be the result if statutory review were resorted to for the purpose of correcting a mistake upon which final adjudication of a cause was based by a court of last resort. We do not regard it as an appropriate remedy. On the other hand, we are unwilling to take the position that there is no method by which patent error affecting the result reached by this Court and working injustice may not be corrected.

Every judicial tribunal possesses inherent power, within reasonable limitations, to correct its obvious errors and should be burdened with the responsibility of so doing. Should a case arise in

which it appeared that justice called for such action on our part, it might well be that, on a petition addressed directly to the Law Court, reciting the alleged mistake, accompanied by an appropriate motion, we would be justified in rectifying the error. Such a proceeding does not involve a rehearing. It would not lie for the purpose of seeking a revision by the court of its considered conclusions either of fact or law. *Pickering* v. *Cassidy*, 93 Me., 139, 44 A., 683. Mere mistakes in opinion and judgment would not warrant it. It could only be applicable when the Law Court had by mistake assumed to be true that which the record showed not to be true or had palpably failed to consider facts proved or had misstated the law so plainly that the point involved was not arguable and had based its decision thereon.

No such case is presented here. The mistake alleged to have been made is that the Court erred in its finding as to the amount of damages assessed. It is argued that only nominal damages, if any, were justified by the evidence or, speaking more accurately, that damages beyond a nominal amount were not proven. The Court thought otherwise. It decided that defendant was entitled to substantial damages of a nature which did not permit exact computation but the amount of which could reasonably be determined by study and analysis of the evidence. The Court is still of that view. A different conclusion might have been reached by some other tribunal, but the judgment of the Court to which the question was properly submitted is final and conclusive. It can not be disturbed.

*Exceptions overruled.*