Margaret Leviston *vs*. Standard Historical Society.

Kennebec. Opinion, July 20, 1934.

78

*Harvey D. Eaton*, for petitioner.
*C. A. Blackington*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J.    This is a petition for review of an action in which judgment was entered against the petitioner by default. In the trial Court, the petition was denied on the ground that, although it was alleged and fairly sustained by the evidence that the petitioner had a defense to the action and intended to present it at the trial, the attorney she employed negligently failed to enter his appearance and defend the case. Exceptions to the denial of the petition were reserved.

When judgment is rendered on default against an absent defendant, he is entitled "of right" to a review. R. S., Chap. 96, Sec. 5. If the defendant brings himself within this statute, a writ of review will be issued under R. S., Chap. 103, Sec. 7 without petition. *Jackson* v. *Gould*, 72 Me., 335, 338. This is the review of right referred to as given by R. S. 1858, Chap. 82, Sec. 4, and discussed in *Jones* v. *Eaton*, 51 Me., 386. And we have no doubt that the Court intended to cite the same provision as re-enacted in R. S. 1871, Chap. 82, Sec. 4, in its comments on review of right in *Sherman* v. *Ward*, 73 Me., 29. The reference in that case to R. S., Chap. 89, Sec. 1, case 1st, as authority for a review of right is undoubtedly a clerical error.

The petitioner here, however, was not an absent defendant within the purview of the statute giving a review of right. So far as the record discloses, she resided and was present in the State at all times. She is a petitioner for review under R. S., Chap. 103, Sec. 1, which permits any justice of the superior court to grant one review in civil actions when judgment has been rendered in any judicial

tribunal in that county if petiton therefor is presented within three years after the rendition of judgment, and in the special cases thereinafter enumerated. The petition presented here was, in the first instance, considered by the presiding Justice in the light of the provisions of special case numbered VII of the Statute, which reads:

"VII A review may be granted in any case where it appears that through fraud, accident, mistake, or misfortune, justice has not been done, and that a further hearing would be just and equitable, if a petition therefor is presented to the court within six years after judgment."

There is no allegation or proof of fraud. The only question before the Court was whether there had been such a failure of justice through accident, mistake, or misfortune, that a further hearing of the cause would be just and equitable. The burden of establishing these essential requisites of review was on the petitioner. *Donnell* v. *Hodson*, 102 Me., 420. The allowance or denial of the petition rested wholly in the discretion of the Court. *Tuttle* v. *Gates*, 24 Me., 397 ; *Jones* v. *Eaton*, supra ; *Austin* v. *Dunham*, 65 Me., 533 ; *Berry* v. *Titus*, 76 Me., 285. Its decision thereon can be revised upon exceptions only for erroneous rulings on matters of law. *Thomaston* v. *Starret*, 128 Me., 328.

In construing this statute, it has been held that the words "accident, mistake, or misfortune," as used therein to describe the source of injustice which would make a further hearing just and equitable, "ordinarily imports something outside of the petitioner's own control, or at least something which a reasonably prudent man would not be expected to guard against or provide for." It is the duty of litigants to be diligent in their cases in court. "If judgment goes against a litigant by reason of his neglect to appear or by reason of the insufficiency of his evidence or argument, he has not thereby suffered an injustice, but rather the natural consequences of his own neglect." *Pickering* v. *Cassidy*, 93 Me., 139, 147. A review will be denied "when it appears that the petitioner's predicament is due to his own fault and want of reasonable diligence." *Farnsworth* v. *Kimball*, 112 Me., 239. The negligence of an attorney is the negligence of the party he represents. *Beale* v. *Swasey*,

106 Me., 35; *Harmon* v. *Fagan*, 130 Me., 171. If an attorney permits a judgment to be entered against his client on default through apparent neglect which arises from a mistaken belief as to what has been done in the cause, it may bring the case within the statute, but, if the neglect and resulting default be without valid excuse or justification, it is not error to refuse to allow a review of the action. Such inexcusable and culpable neglect is not accident, mistake, or misfortune as those words are used in the law. *Taylor* v. *Morgan*, 107 Me., 334.

The Bill of Exceptions in this case shows that the petitioner's attorney presented the matter in the trial Court and stated the facts and circumstances which led to the default in the original action. In regard to his own neglect, he said, "Petitioner's attorney offered no excuse for his failure to appear except that he was engaged in other matters which led to oversight and forgetfulness on his part." This frank admission of inexcusable neglect on the attorney's part did not establish "accident, mistake, or misfortune" under Case VII of the statute.

The contention of counsel that a review might have been granted this petitioner under Case I, Section 1, Chapter 103, R. S., has not been overlooked. Under that provision, one review of an action defaulted without appearance may be granted when the petition therefor is presented within three years after an officer, having the execution issued on the judgment thereon, demands its payment of the defendant or his legal representatives. This special provision obviously has reference to defendants who can not excuse their default by proof of absence from the State, and does not apply to absent defendants who are given a review as a matter of right under R. S., Chap. 96, Sec. 5, already considered. Review under Case I, however, is a matter of discretion. It was so provided in the original act granting a review in this class of cases. P. L. 1858, Chap. 40, Sec. 1. Subsequent revisions indicate no change in the legislative intent and have been so construed. *McNamara* v. *Carr*, 84 Me., 299, 303. The petitioner's claim that she is entitled "of right" to review under Case I can not be sustained.

The trial Judge evidently deemed the culpable neglect of the petitioner's attorney sufficient ground for denying a review under

Case I as well as Case VII of the statute. These questions were addressed to his discretion. His decision presents no erroneous rulings of law. It is final.

*Exceptions overruled.*