MARTHA THOMPSON

*vs.*

AMERICAN AGRICULTURAL CHEMICAL COMPANY.

Aroostook.     Opinion, September 18, 1935.

*W. P. Hamilton,* for plaintiff.
*Bernard Archibald,*
*Aaron A. Putnam,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.   Petition based on Section 1, Paragraph VII, Chapter 103, R. S. 1930, to review a judgment recovered against the petitioner by the defendant company. To obtain such a review, the petitioner must prove "to the satisfaction of the Court at *nisi prius* three propositions (1) that justice has not been done; (2) that the consequent injustice was through fraud, accident, mistake or misfortune; and (3) that a further hearing would be just and equitable." *Thomaston* v. *Starrett,* 128 Me., 328, 330.

Where the presiding Justice is satisfied that any one of the above requirements is not proven and so denies the petition, his decision is final and is not subject to review upon exceptions.

"A petition for review is addressed to the discretion of the Court and its decision thereon can be revised upon exceptions only for erroneous rulings in matter of law." *Thomaston* v. *Starrett,* supra, page 334.

"The allowance or denial of the petition rested wholly in the discretion of the Court." *Leviston* v. *Standard Historical Soc.,* 173 A., 810, 812; 133 Me., 77.

In the instant case, the exception is to the denial of the presiding Justice to grant the review.

A careful study of his decision shows that it was based on findings of fact. He held that the petitioner herself by her negligence, with full knowledge of the situation, permitted the judgment to be entered. Her counsel claims that this was an error in law because such a finding was due to an error in the Justice's "interpretation or remembering of the testimony." The parties in permitting him to hear the case as a single Justice submitted their cause to his discretion and in the absence of its abuse must abide by his decision so far as the facts found by him are concerned.

"What facts were proved were solely for the determination of the presiding Justice, to which exceptions do not lie." *Bradford* v. *Philbrick*, 96 Me., 420, 421 ; *Moody* v. *Larrabee*, 39 Me., 282.

We must accept as true his statement that "she knew an action against her was pending at the time the various payments were made; she knew of the death of her attorney immediately after it occurred. Ten months before judgment was entered, and nine months after the death of her attorney, she was fully advised as to the status of the case but apparently made no effort to employ another attorney or to do anything for her own protection." Upon these facts, the finding that she was negligent we can not say is error in law. As said in the last paragraph of *Leviston* v. *Standard Historical Soc.*, supra:

"These questions were addressed to his discretion. His decision presents no erroneous rulings of law. It is final."

If the petitioner has been injured, she has mistaken her remedy.

*Exceptions overruled.*