ENOCH C. RICHARDS COMPANY

*vs.*

HARRY C. LIBBY, EXECUTOR.

Cumberland.    Opinion, July 30, 1943.

*Philip A. Hanson*, of Boston, for the petitioner.

*Harry C. Libby*, pro se.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

MANSER, J.   Review was sought of a civil action between the parties. The petition was based on R. S. 1930, c. 103, § 1, Par. VII, which reads as follows:

"A review may be granted in any case where it appears that through fraud, accident, mistake, or misfortune, justice has not been done, and that a further hearing would

be just and equitable, if a petition therefor is presented to the court within six years after judgment."

The petition was granted. The case was then presented to this Court on exceptions which appeared to be insufficient and the bill of exceptions was returned for corrections and re-entry, which has been done. The exception now before the Court makes clear that the defendant filed a general demurrer to the petition, the petitioner joined therein and upon hearing, the demurrer was overruled. It is also clear that the defendant elected to rely upon his exception to this ruling. He filed no further pleading and while the Court allowed the petitioner to proceed to a hearing, the defendant withdrew and did not participate therein.

The legal effect of the defendant's pleading was to admit the truth of all matters of fact set forth in the petition and well pleaded. Such is the long established principle of pleading and not disputed by the defendant. As said in *Herrick* v. *Osborne*, 39 Me., 231:

"A general demurrer admits the truth of all facts which are well pleaded. Every substantive fact, therefore, which is distinctly set out in the declaration in the plaintiff's writ, must, for the purposes of this examination, be deemed to be true."

The effect of a general demurrer is the same, both in legal and equitable proceedings. *Traip* v. *Gould*, 15 Me., 82. The defendant relies upon the proposition that, admitting the facts alleged in the petition to be true, the petitioner does not show itself to be entitled to review because he contends the dismissal of the original action occurred by reason of the carelessness and negligence of the petitioner and its attorney.

Dismissing from consideration certain allegations in the petition which are argumentative or expressive of opinion, the well pleaded facts contained therein appear to be as follows:

The original action was once tried before a Justice of the Superior Court without a jury, and judgment for the petitioner rendered for $403.65. Several exceptions to the rulings of the Justice were prosecuted in this Court and one was sustained, the result of which was to return the case for a new trial. (See *Richards Co.* v. *Libby, Ex'r.*, 136 Me., 376, 10 A. (2d), 609, 126 A. L. R., 1215.)

The defendant, by filed specifications and by statements at the original trial, had admitted facts which would create a liability of $53.65, but resisted the additional claim of $350.00.

It further appears from the recitals of the petition that the attorney for the petitioner was a non-resident of the State and by letter requested information from the Clerk of Courts as to assignment of the case for the second trial. He received reply from the Deputy Clerk which included the statement, "I will protect your interest in having it assigned." Later, however, the case was dismissed for want of prosecution. The petitioner's attorney was given no notice by the Clerk or the Deputy Clerk, either before or after the dismissal of the action.

A case so dismissed goes to judgment at the same term. *Warren Co.* v. *Fritz*, 138 Me., 279, 25 A. (2d), 645. It disposes of the pending action by a final judgment against the plaintiff. The parties are out of court and the judicial power over the action has been exhausted. It cannot be restored to the docket. *Davis* v. *Cass*, 127 Me., 167, 142 A., 377.

These decisions, however, are not to be interpreted as denying a right of review if the petitioner shows himself entitled thereto under the provisions of the statute creating such right, here R. S., c. 103, § 1, Par. VII. Such review is predicated upon the fact that an adverse judgment has been rendered. In *Karrick* v. *Wetmore*, 210 Mass., 578, 97 N. E., 92, the Court held that a judgment of dismissal was a final judgment but adverted to the fact that the plaintiff might have petition for relief through one of the channels afforded by the statutes and cited R. L. of Mass., c. 193, which Chapter provided for writs

of error, motions and petitions to vacate judgments, writs and petitions for review.

According to the allegations of the petition, the petitioner, though admittedly entitled to a judgment of more than $50, and with issue still pending as to the balance of its claim, finds itself with an adverse judgment, and is subjected to the payment of an execution for costs of approximately $40. That justice has not been done and that a review would be just and equitable is clearly apparent.

The only remaining element is whether the petitioner's attorney was chargeable with negligence in relying upon the statement of the Deputy Clerk of Courts that he would protect him in connection with the assignment of the case for trial.

It is true that it is the duty of parties and their attorneys to look after their cases and to ascertain what steps are taken in their disposition. *Rosenbush* v. *Westchester Insurance Co.*, 277 Mass., 41, 116 N. E., 396. Our Court, however, has indicated that an attorney who has received assurance from the Court that he would receive notice to enable him to protect his rights, is not chargeable with negligence in his reliance upon such assurance. *Edwards* v. *Williams Estate,* 139 Me., 210, 28 A. (2d), 560.

The Deputy Clerk is an officer of the Court who has custody of the docket, and who has immediate and direct information as to assignments for trial and all other docket entries. He is not required to inform absent attorneys concerning such matters, but in the present instance he gave a deliberate written assurance that he would do so.

The case of *Pickering* v. *Cassidy,* 93 Me., 139, 44 A., 683, 684, collates many decisions illustrating the meaning of "accident, mistake, or misfortune." Its perusal but emphasiszes the statement in *Taylor* v. *Morgan & Co.*, 107 Me., 334, 78 A., 377, that each petition for review is addressed to the sound discretion of the Court and must rest upon its own proven facts. It is true that it must affirmatively appear the dismissal of the case was

made without negligence on the part of the plaintiff's attorney. *Leviston* v. *Historical Society,* 133 Me., 77, 173 A., 810; *Trust Co.* v. *Baker*, 134 Me., 231 at 237, 184 A., 767.

It has been held that apparent neglect on the part of an attorney may arise from such a mistaken belief as to what has been done by himself or others as to bring the case within the terms of the statute. *Shurtleff* v. *Thompson*, 63 Me., 118; *Sherman* v. *Ward,* 73 Me., 29 and *Grant* v. *Spear,* 105 Me., 508, 74 A., 1130. In these cases, the presiding Justice was allowed to exercise a broad discretion and it may be fairly argued that stricter rules have in recent years been laid down for guidance of the Court below. In the present case, however, the presiding Justice was justified in deciding that the plaintiff's attorney did not rely upon any mistaken belief but upon the positive assurance from an integral representative of the Court itself that he would receive notice in season to protect his rights, and that such reliance did not constitute negligence.

*Exception overruled.*