ADELARD D. DUPONT, PETR.
*vs.*
WILFRED F. LABBE, ET AL.

York. Opinion July 7, 1952.

*Daniel E. Crowley,* for plaintiff.

*Hilary F. Mahaney,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   Exceptions to the granting of a review of an action in which the petitioner was defaulted on his failure to enter an appearance are overruled.

The petition is based upon R. S. Ch. 110, Sec. 1, Clause VII.   The applicable law is found in *Donnell* v. *Hodsdon*, 102 Me. 420, at 422, 67 A. 143, at 144, as follows:

> "Under clause VII upon which this petition is based, the petitioner is not entitled to a review unless he proves to the satisfaction of the court at nisi prius three propositions; (1) that justice has not been done; (2) that the consequent injustice was through fraud, accident, mistake or misfortune; and (3) that a further hearing would be just and equitable. If the presiding Justice is satisfied of all these and grants the petition or is not satisfied of some one of them and denies the petition, his decision is final and not subject to review upon exceptions."

*Thomaston* v. *Starrett*, 128 Me. 328, 147 A. 427; *Jason* v. *Goddard*, 129 Me. 483, 149 A. 622; *Thompson* v. *Chemical Co.*, 134 Me. 61, 181 A. 829; *Richards* v. *Libby*, 140 Me. 38, 33 A. 2d 537.

It is familiar law that a petition for review is addressed to the discretion of the court. *Summit Thread Co.* v. *Corthell*, 132 Me. 336, 171 A. 254, and cases cited *supra*.

In passing upon the decision of the presiding justice we bear in mind the rule stated by Justice, later Chief Justice, Emery in *Goodwin* v. *Prime*, 92 Me. 355, at 362, 42 A. 785, at 787, as follows:

> "The petition, therefore, was addressed to the judicial discretion of the justice of the Supreme Court of Probate who should happen to hear it.  The law

court cannot substitute its discretion for his. When the determination of any questions rests in the judicial discretion of a court, no other court can dictate how that discretion shall be exercised, nor what decree shall be made under it. There are in such cases no established legal principles or rules by which the law court can measure the action of the sitting justice unless indeed he has plainly and unmistakably done an injustice so apparent as to be instantly visible without argument."

The law has also been well stated by Justice, later Chief Justice, Sturgis in *Bourisk* v. *Mohican Co.*, 133 Me. 207, at 210, 175 A. 345, at 346, as follows:

"And it is well settled that judicial discretion must be exercised soundly according to the well established rules of practice and procedure, a discretion guided by the law so as to work out substantial equity and justice. It is magisterial, not personal discretion. When some palpable error has been committed or an apparent injustice has been done, the ruling is reviewable on exceptions. *Charlesworth* v. *American Express Company*, 117 Me. 219, 103 A. 358; *Fournier (Hutchins)* v. *Tea Company*, 128 Me. 393, 148 A. 147. It is when judicial discretion is exercised in accordance with this rule that it is final and conclusive. *Chasse* v. *Soucier*, 118 Me. 62, 63, 105 A. 853."

See also *American Oil Co.* v. *Carlisle*, 144 Me. 1, 63 A. 2d 676, and *Sard* v. *Sard*, 147 Me. 46, at 53, 83 A. 2d 286.

The first error of law of which the respondents complain is without merit. At the outset of the hearing and before the taking of testimony the respondents requested the presiding justice to rule that under the statute the petitioner must prove substantially what is stated in the quotation above from the *Donnell* case.

The justice declined to specify anything at that time. There was no reason for him then to rule. Error comes

not in failure to state the law before hearing, but in failure to apply the governing principles of law in the course of hearing and decision.

The second objection in the bill of exceptions reads:

> "The Judge heard and ruled only on the accident and mistake and found for the petitioner over the objections of the respondents and the respondents duly excepted thereto."

The record, however, shows that the justice considered the remaining statutory elements in reaching his decision. The record was made a part of the bill of .exceptions and accordingly controls the bill in so far as it differs therefrom. *Tower* v. *Haslam,* 84 Me. 86, 24 A. 587; *State of Maine* v. *Mitchell,* 144 Me. 320, 68 A. 2d 387.

In the third objection the respondents claim that from the evidence "that one and only one conclusion could be reached from those facts and that is that the petitioner was properly served and only through the petitioner's own negligence and lack of due diligence was the default recorded against him, and it was an abuse of discretion to find from the facts presented that there was accident, fraud, mistake or misfortune within the meaning of the Statute."

The petitioner in review (or defendant), a real estate agent, sold several houses built by his principal, a Mr. Benoit, including a house sold to the respondents (or plaintiffs). The plaintiffs sued Mr. Benoit, the principal, and the defendant, the real estate agent, in separate actions in deceit in connection with the plaintiffs' purchase of the house. The writs each carried an ad damnum of $3,000, were returnable at the October Term of the same court, and were issued on the same day from the office of the same attorney. The defendant did not enter his appearance or employ an attorney. From Mr. Benoit the defendant learned with reference to the Benoit action shortly after the service of the summons that Mr. Benoit had employed an attorney and

later in October that the action had been continued at the return term to the January term.

The defendant believed responsibility, if any, to the plaintiffs rested upon Mr. Benoit and not upon him. The justice could, and in view of his decision, did find that by mistake the defendant did not protect his interests in court, that the mistake was of the type for which the petition might be granted, and further that the apparent negligence of the defendant arose from the mistaken belief that his case in some manner would travel with the Benoit case. *Shurtleff* v. *Thompson*, 63 Me. 118; *Pickering* v. *Cassidy*, 93 Me. 139, 44 A. 683; *Grant* v. *Spear*, 105 Me. 508, 74 A. 1130; *Taylor* v. *Morgan & Company*, 107 Me. 334, 78 A. 377; *Leviston* v. *Historical Society*, 133 Me. 77, 173 A. 810; *Richards* v. *Libby, supra.*

After a hearing by the justice presiding at the return term, properly held under our practice without notice to the defaulted defendant, damages were assessed in the amount of $3,000. The award, it will be noted, is the precise amount of the ad damnum in an action setting forth charges of deceit with relation to the cellar, heater, and other conditions in a house of which the total cost was $4900.

The justice hearing the petition for review heard direct evidence only on one point, that is upon mistake, but he clearly had in mind and based his decision, the record shows, upon the other elements as well. On the record we hold given a mistake, the justice was acting within his discretion in finding that, to use his words "on the face of the thing it shows an injustice." It is a short step on a straight path from that point to a finding that a further hearing would be just and equitable.

We cannot say that the presiding justice committed a "palpable error" in finding the existence of the three essential elements.

*Exceptions overruled.*