**Marilyn MOCKUS**

v.

**Larry MELANSON d/b/a
Larry's Garage.**

Supreme Judicial Court of Maine.

Argued Jan. 21, 1992.
Submitted on Briefs Oct. 1, 1992.
Decided Oct. 22, 1992.

Kenneth R. Clegg (orally), Gregory O. McCullough, Bourque & Clegg, Sanford, for plaintiff.

Harold J. Friedman (orally), Karen Frink Wolf, Friedman & Babcock, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

The defendant, Larry Melanson d/b/a Larry's Garage, appeals from the default judgment against him in favor of the plain-tiff, Marilyn Mockus, individually and as the personal representative of the estate of her deceased husband Joseph Mockus, entered in the Superior Court (York County, *Fritzsche, J.*) on her complaint against Melanson. Melanson contends the court erred in denying his motion, pursuant to M.R.Civ.P. 60(b), to set aside the default and the default judgment because of the performance of his attorney. Mockus cross-appeals contending the court erred in reducing the judgment by the amount of her settlement with the other defendants in this case.[1] Finding no error in the record, we affirm the judgment.

The record reflects the following: Approximately two and one-half years after the present action was instituted, Melanson's counsel withdrew and other counsel entered an appearance as counsel for Melanson. On January 7, 1991, approximately fifteen months later, the court entered an order directing that on or before January 18, 1991, counsel for Melanson respond to the demand for the policy limits of any insurance coverage of Melanson, and on his failure to do so, the remaining parties could seek a default against Melanson. A copy of the order was mailed to the respective counsel of the parties. In response to a motion for a default filed by a co-defendant, on January 30, 1991, the court issued its order dated February 25, 1991 reciting "[a]s no objection has been filed, the motion for default against Larry Melanson is granted," and directing that such default be entered on any complaint, cross-claim, or third-party complaint against Melanson.

After a hearing on Mockus's motion for a default judgment on June 4, 1991, at which both Melanson and his counsel were present, a default judgment was entered in favor of Mockus against Melanson in the total amount of $185,000. Mockus's complaint against the other defendants and all pending cross-claims in this matter were dismissed. Shortly thereafter, new counsel for Melanson filed their appearance. On July 26, 1991, Melanson filed a motion pursuant to M.R.Civ.P. 55(c) and 60(b) to set aside the entry of default against him on

1. The six other defendants named in Mockus's complaint are not parties to this appeal.

February 25, 1991, and the default judgment of June 4, 1991, or in the alternative, to reduce the judgment against Melanson by the amount Mockus had received in settlement from other defendants in the action.

After a hearing, by order dated May 7, 1992, the trial court denied Melanson's motion to set aside the default and default judgment against him but granted his motion to reduce the judgment by $65,000, the amount received by Mockus through her settlement with the other defendants, and both parties appealed. Thereafter, Mockus filed a timely motion to strike a portion of Melanson's brief and appendix filed on this appeal on the ground that the information contained therein was not properly a part of the record before the trial court.

## I. Record

We initially address Mockus's motion to strike. Our examination of the record discloses that Volume II of the Appendix filed by Melanson pursuant to his appeal consists of deposition transcripts that were not before the trial court, and accordingly, we grant Mockus's motion to strike that volume from the record before us as well as those portions of Melanson's brief making references to these transcripts. *See* M.R.Civ.P. 74(a) ("The original papers and exhibits filed in the Superior Court, the transcript of the proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the Superior Court shall constitute the record on appeal in all cases.").

## II. Default and Default Judgment

We review the court's denial of a motion to set aside a default and default judgment only for an abuse of discretion, *Cutillo v. Gerstel*, 477 A.2d 750, 752 (Me. 1984), and accord great deference to the determinations of the trial court. *McNutt v. Johansen*, 477 A.2d 738, 740 (Me.1984). An entry of default may be set aside for "good cause shown," M.R.Civ.P. 55(c), and a default judgment may be set aside for mistake, inadvertence, surprise, or excusable neglect, M.R.Civ.P. 60(b)(1), or "any other reason justifying relief from the operation of the judgment." M.R.Civ.P. 60(b)(6).

We have previously stated that an attorney's actions of commission as well as omission are to be regarded as the acts of the party represented and that any neglect of the attorney is equivalent to that of the party. *Cutillo*, 477 A.2d at 752; *Berman v. Griggs*, 145 Me. 258, 262–63, 75 A.2d 365, 367 (1950); *Leviston v. Standard Hist. Soc.*, 133 Me. 77, 79, 173 A. 810, 812 (1934); *Beale v. Swasey*, 106 Me. 35, 37, 75 A. 134, 135 (1909). If the neglect and resulting default are without excuse or justification, it is not error to refuse to vacate the judgment. *See Leviston*, 133 Me. at 80, 173 A. at 812.

Melanson does not offer an excuse or justification for his attorney's behavior; rather, he contends that because he is blameless he should be excused from the default and not be penalized for his attorney's neglect. While the culpability, or lack thereof, of the client may be a factor to be considered by the court in its decision whether to set aside a default and a default judgment, it is not error, on this basis alone, to refuse to do so. *See Laurel Bank & Trust Co. v. Burns*, 398 A.2d 41, 45 (Me.1979). Melanson's protest that he was unaware of the actual status of the lawsuit is unavailing absent a showing of justification for his failure to follow the progress of the litigation more closely. *Pederson v. Cole*, 501 A.2d 23, 25 (Me.1985) (party seeking to set aside a default must make some showing of justification for failing to avoid the neglect); *Laurel*, 398 A.2d at 44. On this record, we cannot say the trial court abused its discretion in denying Melanson's motion.

## III. Settlement Offset

Mockus first contends that having denied Melanson's request to set aside the default and default judgment against him, the court erred as a matter of law in granting the requested set-off. She argues that the failure of Melanson to request the set-off at the hearing on her motion for a default judgment or to seek an amendment

of the judgment as provided in M.R.Civ.P. 59(e), forecloses the court from granting Melanson's motion pursuant to M.R.Civ.P. 60(b)(6). We need not address this argument because the court is authorized by M.R.Civ.P. 60(a) to correct an error in the judgment arising from oversight or omission.[2]

 Set-off is required by law pursuant to 14 M.R.S.A. § 163 (1980),[3] not merely available on request. *Thurston v. 3K Kamper Ko., Inc.*, 482 A.2d 837, 842 (Me. 1984); *Emery Waterhouse Co. v. Lea*, 467 A.2d 986, 996 (Me.1983). Here, the court stated in its decision of May 7, 1992, that had it remembered or been reminded of the offset provision at the time of the entry of the default judgment against Melanson on June 4, 1991, it would have reduced that judgment to reflect the settlement reached by Mockus with the remaining defendants as required by section 163. The court's failure to apply the offset was an oversight, and the court properly corrected the oversight according to the authority conferred by M.R.Civ.P. 60(a). *Davis v. Bruk*, 411 A.2d 660, 666–67 (Me.1980); *see also Allen v. Allen*, 603 A.2d 482, 483 (Me. 1992).

Nor do we find merit in Mockus's contention that the reduction was improper because it should be limited to settlements with defendants affirmatively determined to have causative fault. *See Hewitt v. Bahmueller*, 584 A.2d 664, 666 (Me.1991) ("The only instance in which we have held that section 163 does not require reduction of a verdict by the amount of a settlement is when the settlement was made with a party who is determined by the verdict to be without causative fault." (Emphasis deleted)).

**2.** M.R.Civ.P. 60(a) provides:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

**3.** 14 M.R.S.A. § 163 provides, in part:

The entry is:
Judgment affirmed.

All concurring.

After the jury has returned its verdict, the trial judge shall inquire of the attorneys for the parties whether such a settlement or release has occurred. If such settlement or release has occurred, the trial judge shall reduce the verdict by an amount equal to the settlement with or the consideration for the release of the other persons.