Rose Marie MOULTON

v.

William T. BROWN, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs June 2, 1993.
Decided June 30, 1993.

522

John H. Montgomery, Kenneth W. Lehman, Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

James D. Poliquin, Russell B. Pierce, Jr., Norman, Hanson & DeTroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Rose Marie Moulton appeals from the judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) denying her motion seeking relief, pursuant to M.R.Civ.P. 60(b)(6), from a judgment dismissing her complaint against William T. Brown and Toby E. Brown. Contrary to Moulton's contention, we hold that the trial court did not abuse its discretion by denying Moulton's motion, and we affirm the judgment.

At the hearing on Moulton's motion, the trial court had before it the following evidence: On February 3, 1986, Moulton filed a complaint against the Browns seeking damages for injuries sustained by her as a result of the alleged negligence of the Browns. The Browns filed a timely answer denying any liability for such damages. No discovery procedures were instituted on behalf of Moulton. Following her initial interview, Moulton communicated with her former attorney by telephone. After the early part of 1987, her attorney did not return any of her telephone calls and Moulton's contact with him was through her husband. Her husband recalled three occasions when he inquired as to the status of Moulton's case. On two of those occasions he had inadvertently encountered the attorney. One of the two occasions had been about March 2, 1987

and the other prior to July 1987. The third occasion had been "after 1987" when he was in the attorney's office attending a meeting concerning another matter. On each occasion the attorney had assured him the case was pending and he would check on its status. On March 26, 1987, the court dismissed Moulton's complaint with prejudice for the failure to file a report of conference of counsel in compliance with the court's order providing that a failure to file the report within a specified period of time would result in such a dismissal. In December 1991, Moulton learned of the dismissal when her husband inquired of the court as to the status of her case. On May 1, 1992, Moulton filed the present motion, pursuant to Rule 60(b)(6), seeking to vacate the dismissal of her complaint.

Following the hearing, a judgment was entered denying Moulton's motion based on the court's findings, *inter alia*, that there was no evidence to support Moulton's contention that her attorney had acted fraudulently or her contention that she should not be held responsible for her attorney's inexcusable neglect, and Moulton appeals.

█ Moulton does not challenge the justice of the original judgment dismissing her complaint nor does she offer any excuse or justification for the conduct of her former attorney. *See* M.R.Civ.P. 60(b)(1). In support of her sole contention that, pursuant to Rule 60(b)(6), the trial court abused its discretion by denying her motion, Moulton advances three arguments. We have repeatedly stated that "an attorney's actions of commission as well as omission are to be regarded as the acts of the party represented and that any neglect of the attorney is equivalent to that of the party." *Mockus v. Melanson*, 615 A.2d 245, 247 (Me.1992). If the neglect resulting in a judgment of dismissal of a complaint is without excuse or justification, it

is not error for the trial court to refuse to vacate the judgment. *Id.* Rule 60(b) "permits the court, on motion and upon such terms as are just, to relieve a party from final judgment for any of the six reasons articulated in the rule." [1] *Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me.1982). To grant relief from a judgment pursuant to Rule 60(b)(6) there must be a showing of injustice in the original judgment. *Id.*

We find no merit in Moulton's first argument that her former attorney fraudulently represented the status of the case to her both before and after the dismissal of her complaint. The trial court properly found that there was no evidence to support this claim.

█ Moulton next argues that her former attorney's inexcusable conduct constituted such an extraordinary circumstance as to excuse her failure to monitor her case more closely and to justify relief pursuant to Rule 60(b)(6). We have previously stated that "[w]hile the culpability, or lack thereof, of the client may be a factor to be considered by the court in its decision whether to set aside a [judgment], it is not error, on this basis alone, to refuse to do so." *Mockus*, 615 A.2d at 247. Here, the trial court heard evidence that from the beginning of 1987 Moulton had no direct contact with her former attorney. Thereafter, her only monitoring of her case occurred through her husband's several inquiries in the course of primarily inadvertent meetings with her attorney and her attorney's consistent response that the case was pending and he would check on its status. There is no evidence that Moulton received or requested any further information from her attorney. Almost five years elapsed from the time her attorney ceased returning her telephone calls until the time that her husband inquired of the court as to the status of her case.

---

1. The reasons for relief from a judgment provided in the rules are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) intrinsic or extrinsic fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment have prospective application; or (6) any other reason justifying relief from the operation of the judgment. For reasons (1), (2) and (3), the motion must be made not more than one year after the judgment. For the remaining reasons, the motion must be made within a reasonable time after the judgment.

Finally, Moulton argues that the trial court disregarded equitable principles in the exercise of its discretion. She contends that the severity of her injuries, the lack of prejudice to the Browns, and the fact that the Browns are insured and her former attorney is not, are equitable circumstances requiring that her motion be granted. The equitable principles which should guide the court's discretion when determining whether to grant a motion pursuant to Rule 60(b)(6) include the interests of the party in whose favor the original judgment was granted, as well as those of the moving party. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 60.1 at 71 (2d ed. 1970).

In the first instance, we affirm the holding of the trial court that litigants should not be treated differently because of the presence or absence of insurance. Accordingly, the trial court properly disregarded this circumstance as a factor for consideration in its decision. There was no indication in the medical records before the trial court that the nature of the injuries sustained by Moulton would prevent her from monitoring the progress of her action against the Browns. Moulton voluntarily chose the attorney representing her in that case and did not diligently supervise his conduct of her case. In excess of four and one-half years elapsed from the date of the judgment dismissing her complaint to the date she filed a motion for relief from that judgment. The vehicles involved in the incident were no longer in the respective possession of the parties and the present whereabouts of one of the occupants of the Brown car at the time of the incident was unknown.

Based on the record in this case, it cannot be said that the trial court erred by denying Moulton's motion for relief from the judgment entered in her action against the Browns.

The entry is:

Judgment affirmed.

All concurring.