STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND ss
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-111

2003 SEP 10 P 4: 04

BAC-CUM- 9/10/2003

SCOTT LALUMIERE &
PIONEER CAPITAL CORPORATION,

    Plaintiffs

DONALD L. GARBRECHT
LAW LIBRARY

OCT 1 2003

  v.           **ORDER**

LANCE YULE,

    Defendant

Before this court is the Defendant's motion to set aside a default judgment pursuant to M. R. Civ. P. 60(b).

## FACTS

On March 19, 2002, Attorney William Wilson, Defendant Lance Yule's counsel, accepted service of the Plaintiffs, Scott Lalumiere and Pioneer Capital Corporation's, complaint. On May 3, 2002, this court defaulted the Defendant pursuant to M. R. Civ. P. 55(a) for failing to file an answer to the Plaintiffs' complaint. Based on these events, the Plaintiffs filed a motion for default judgment, which was granted and entered against the Defendant on June 4, 2002.

Consequently, the Defendant attempted to contact Attorney Wilson to retrieve his file. The Defendant left repeated phone messages and personally went to Attorney Wilson's office, but to no avail. In August 2001, Defendant hired Attorney Michael Waxman to attempt to retrieve his file. Attorney Waxman was also unsuccessful in obtaining the Defendant's file until December 2002. After obtaining his file, on April 7, 2003, the Defendant requested this court to set aside the default judgment that had been entered against him on June 4, 2002.

## DISCUSSION

Pursuant to M. R. Civ. P. 60(b)(1), a court may relieve a party from a final judgment, order, or proceeding if the party shows mistake, inadvertence, surprise, or excusable neglect. In order to prevail on a motion for relief under Rule 60(b)(1), the moving party must "demonstrate a reasonable excuse or good cause for default and a meritorious defense to the underlying action." Mariello v. Giguere, 667 A.2d 588, 589 (Me. 1995) (citing Theriault v. Gauthier, 634 A.2d 1255, 1256 (Me. 1993)). Furthermore, any party seeking relief under Rule 60(b)(1) must file its motion within a reasonable time but no more than one year after the judgment, order, or proceeding was entered or taken. See M. R. Civ. P. 60(b)(1).

The Defendant contends that Attorney Wilson's neglect and failure to file an answer to the Plaintiff's complaint, which resulted in the default judgment, was a result of his loss of license to practice law. The Law Court has repeatedly held that "an attorney's actions of commission as well as omission are to be regarded as the acts of the party represented and that any neglect of the attorney is equivalent to that of the party." Mockus v. Melanson, 615 A.2d 245, 247 (Me. 1992). If the neglect resulting in a judgment of dismissal of a complaint is without excuse or justification, it is not error for the trial court to refuse to vacate the judgment. Id. According to the counsel for the Board of Overseers of the Bar, Attorney Wilson has not lost his license and was only suspended effective November 2, 2002, eight months after the answer to the Plaintiffs' complaint was due. (Koziell Aff. ¶¶ 6-9.) Hence, due to the prejudice the Plaintiffs will suffer[1] and because the Defendant has failed to meet his burden, this court finds that these omissions by Attorney Wilson are attributable to the Defendant and do not

[1] Plaintiffs have invested many hours and a significant amount of money into the Olman Toy Company. (See Lalumiere Aff. ¶ 5.)

2

constitute excusable neglect. *See* <u>Mockus</u> 615 A.2d at 247. Moreover, this court notes that the more appropriate and available remedy would be for the Defendant to file a civil action for malpractice against Attorney Wilson. *See* <u>Mockus v. Melason</u>, CV-87-120 (Me. Super. Ct., Yor. Cty., May 7, 1992) (Fritzsche, J.).

In addition, a party seeking relief under Rule 60(b) also has the burden of demonstrating a sufficient and specific meritorious defense to the allegations contained in the plaintiff's complaint. <u>Schmid Bros., Inc. v. Roberts</u>, 538 A.2d 291, 293 (Me. 1988). The Defendant has failed to present this court with detailed and specific meritorious defenses to the Plaintiffs' cause of action. Although the Defendant did present the court with the answer that Attorney Wilson failed to file, this information was brought to the courts attention four months after the Defendant received his file from Attorney Wilson. The Defendant's failure to bring this information to the court's attention immediately following the filing of his motion and receipt of his file constitutes unreasonable delay. Therefore, this court finds that the Defendant has failed to raise any valid meritorious defenses to the Plaintiff's cause of action.

WHEREFORE, this court shall **DENY** Defendant's motion to set aside the default judgment, pursuant to M. R. Civ. P. 60(b).

Dated: September __10__, 2003

Roland A. Cole
Justice, Superior Court

3

OF COURTS
land County
Box 287
aine 04112-0287

MICHAEL WAXMAN ESQ
PO BOX 375
PORTLAND ME 04112

PAUL KOZIELL ESQ
ONE MONUMENT WAY
PORTLAND ME 04101