STATE OF MAINE                  SUPERIOR COURT
CUMBERLAND, ss.               CIVIL ACTION
                                        DOCKET NO: RE-10-253

                                        *RAC — CUM – 2/23 2011*

T.D. BANK, N.A., f/k/a/
T.D. BANKNORTH, N.A.

            Plaintiff,

                                        **ORDER**

    v.

                               **(Title to Real Estate Involved)**

DAVID D. LEASURE and
TERI L. LEASURE,

            Defendants

and

NORWAY SAVINGS BANK,
CENTRAL MAINE POWER,
and VERIZON NEW ENGLAND, INC.,

           Parties-In-Interest

STATE OF MAINE
Cumberland, SS. Clerk's Office

FEB 2 3 2011

RECEIVED

Plaintiff T.D. Bank, N.A., moves for summary judgment of foreclosure against David D. Leasure and Teri L. Leasure. Party-in-interest Norway Savings Bank moves for an extension of time to file its answer to the initial complaint, and has submitted its proposed answer with supporting affidavit.

## BACKGROUND

The Leasures executed a note in favor of the plaintiff on June 28, 2002. (Supp. S.M.F. ¶ 2.). The note was secured by a mortgage on property at Lot 14 Winston Hill in Freeport, Maine. (Supp. S.M.F. ¶ 1.) The plaintiff currently holds both the note and the mortgage. (Supp. S.M.F. ¶ 4.) Ms. Leasure released her ownership interest in the mortgaged property on December 7, 2004 by a

1

quitclaim deed to David Leasure. (Supp. S.M.F. ¶ 3.) Evidence indicates that David Leasure is not currently in military service. (Supp. S.M.F. ¶ 12.)

T.D. Bank mailed a notice of default to 24 Sea Rose Lane in Freeport, Maine on November 3, 2009. (Supp. S.M.F. ¶ 6; Ex. E.) It filed this action for foreclosure and for a personal judgment against Ms. Teri Leasure on June 1, 2010. Ms. Leasure filed one-page response to the complaint with a request for mediation on June 18, 2010. On June 24, 2010, Mr. David Leasure filed a voluntary Chapter 13 petition with the United States Bankruptcy Court. (Supp. S.M.F. ¶ 8.) T.D. Bank obtained relief from the automatic bankruptcy stay on October 12, 2010. (Supp. S.M.F. ¶ 8.) On December 6, 2010, T.D. Bank filed this motion for summary judgment. Party-in-interest Norway Savings Bank filed an unopposed motion for extension of time to answer T.D. Bank's complaint on December 7, 2010.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. "In the unique setting of summary judgment, strict adherence to the Rule's requirements is necessary to ensure that the process is both predictable and just." *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶ 7, 985 A.2d 1, 3. The court cannot accept bare legal conclusions in the moving party's materials. Before issuing a foreclosure judgment, the court has a duty to independently review the plaintiff's statement of material facts and the referenced portions of the record to ensure that the plaintiff has made its prima facie case. M.R. Civ. P. 56(j) (2010); *Chase Home Fin. v. Higgins*, 2009 ME 136, ¶ 10, 985 A.2d 508, 510; *see*

2

M.R. Civ. P. 55(a)(1) (2010) (court's duty before entry of default). This review is limited to the facts the plaintiff places in its statement of material facts, and the court may not independently search the record for additional facts or evidence. *Higgins*, 2009 ME 136, ¶ 10, 985 A.2d at 510; *Levine*, 2001 ME 77, ¶ 9, 770 A.2d at 656.

T.D. Bank has not established where the defendants reside in its statement of material facts, so the court cannot determine whether mediation with Ms. Leasure is mandatory in this case. There is no other indication in the cited materials that mediation has been attempted or waived. The court may not issue summary judgment until it can determine from the plaintiff's motion whether mediation is required and, "when required, has been completed or has been waived or the defendant . . . has been defaulted or is subject to default." M.R. Civ. P. 56(j); *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d at 511.

The plaintiff has also failed to indicate in its statement of material facts "the order of priority and those amounts, if any, that may be due to other parties of interest." *Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 706 (quoting 14 M.R.S. § 6322); *see Higgins*, 2009 ME 136, ¶ 11, 985 A.2d at 511 (citing *Johnson*). Other parties clearly have an interest in the subject property. The court is neither required nor able to search the entire record in an attempt to independently determine the amounts due to those parties, or the priority of their interests.

3

**The entry is:**

The plaintiff's motion for summary judgment is denied without prejudice.

Party-in-interest Norway Savings Bank's unopposed motion to file a late answer

is granted.

DATE: _Feb 23, 2011_

_____
Roland A. Cole
Justice, Superior Court

4

| Date Filed | Action | | | Answer Due Date: | | | Docket No. |
|---|---|---|---|---|---|---|---|
| 03-10-2010 | FORECLOSURE | | | | | | RE-10-253 |

| Scheduling Order Issued: | Discovery Deadline: | Jury ☐ <br> Fee Pd. ☐ <br> Non-Jury ☐ | Statement Filed: <br> Order to File Statement: | Length of Trial: | Rule 16(b) ☐ <br> Rule 16(c) ☐ | Pre Trial Issued: |

| Plaintiff(s) | Defendant(s) |
|---|---|
| TD BANK NA | DAVID D LEASURE <br> TERI L LEASURE *Served 6/11/10* <br> CENTRAL MAINE POWER - PII <br> VERIZON NEW ENGLAND INC - PII <br> vs NORWAY SAVINGS BANK - PII |

*788 Granite H. Yarmouth, Me 04096*

| Plaintiff's Attorney(s) | Defendant's Attorney(s) |
|---|---|
| STEPHANIE A WILLIAMS ESQ | *Zachary F. Greenfield - PII* <br> *Erica M. Johanson - PII* |

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-10-253
CUM-JAW-3/23/2012

TD BANK, N.A. f/k/a
BANKNORTH, N.A.

        Plaintiff,

    v.

DAVID D. LEASURE and
TERI L. LEASURE,

        Defendants,

and

CENTRAL MAINE POWER,
VERIZON NEW ENGLAND, INC.,
and NORWAY SAVINGS BANK,

        Parties-In-Interest

STATE OF MAINE
Cumberland,ss,Clerk's Office

MAR 2 3 2012

RECEIVED

## ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

This case is before the court on the defendant David Leasure's motion for relief from judgment, brought pursuant to M.R. Civ. P. 60(b)(6), seeking relief from this court's September 8, 2011 Judgment of Foreclosure and Sale on defendant's property located at 24 Sea Rose Lane (Lot 14 Winston Hill) Freeport, Maine ("Property").

### BACKGROUND

This foreclosure complaint was filed on June 1, 2010. On June 24, 2010, David Leasure ("Defendant" or "Leasure"), filed a voluntary petition for bankruptcy protection under 11 U.S.C. Chapter 13. The Bankruptcy Court confirmed a Chapter 13 Plan that called for the Defendant to sell the property. However, the Defendant's failure to sell the property resulted in the Bankruptcy

1

Court's granting Plaintiff's consented-to motion for relief from the automatic stay to pursue the foreclosure action on or about October 12, 2010.

On April 4, 2011, the Plaintiff filed its Second Motion for Entry of Default, Summary Judgment and Final Judgment and, upon submission of supplemental information as authorized by this court's order, the Plaintiff's motions were granted on September 8, 2011. The redemption period expired on December 20, 2011.

On January 4, 2012, Leasure filed this Motion for Relief from Judgment Pursuant to Maine Rules of Civil Procedure 60(b)(6) along with his own affidavit in support of the motion. The Plaintiff filed an opposition on January 30, 2012. The Defendant has not filed a reply.

## DISCUSSION

M.R. Civ. P. 60(b)(6) provides a mechanism for relief from judgment for "any other reason justifying relief." Relief under subsection 60(b)(6) is "an extraordinary remedy that may be granted only when the more particularized circumstances set out in the other subsections of Rule 60(b) do not apply." *Ezell v. Lawless*, 2008 ME 139, ¶ 18, 955 A.2d 202. It is not to be used as an alternative to appeal or to permit a late appeal. *Id.* "Rule 60(b)(6) relief is only appropriate when the appellant has diligently pursued his or her rights." *Id.* at ¶ 28. That is, the litigant seeking relief must have taken legal steps to protect his interests in the original litigation. Furthermore, there must be a showing of injustice in the original judgment. *Moulton v. Brown*, 627 A.2d 521, 523 (Me. 1993).

The Defendant asserts that he believed that he was represented by the attorney that he had engaged to represent him in his bankruptcy proceedings. The summons and complaint were served on Leasure and he submitted those

2

documents to his attorney. He asserts that shortly after filing his bankruptcy petition his attorney discovered a conflict of interest and he obtained new counsel but with the understanding that his entire file would be transferred and he would be represented in the foreclosure litigation as well as the bankruptcy. (Leasure Aff. ¶¶ 3-6.) He claims that he was never informed of his right to protest the foreclosure outside of the bankruptcy case and that he was unaware of this matter until he received a default judgment against him. (Leasure Aff. ¶¶ 7-11.)

The Plaintiff argues that the defendant was represented by Attorney Molleur because, on several occasions between November 2010 and September 2011, Plaintiff's counsel corresponded with Attorney Molleur regarding the foreclosure action. (Opp. 3.) Specifically, the Plaintiff points to an email exchange in which Attorney Molleur asks the Plaintiff to revise its proposed judgment in the foreclosure matter to reflect that any available surplus should properly go to David Leasure rather than being split between David and Teri Leasure (Mr. Leasure's ex-wife). (Opp. 3; Ex. C.) Moreover, the Plaintiff states that David Leasure indicated that he understood that the foreclosure action would resume and that he could lose his home when he consented to the Plaintiff's Motion for Relief from Stay in the bankruptcy case and when the Bankruptcy Court granted the Defendant's Motion on Allowing and Disallowing Claims and Modifying Plan. (Opp. 3-4.)

The court records reveal that no entry of appearance was made by Attorney Molleur in this foreclosure action and that the Defendant was unrepresented until January 4, 2012, when this motion was filed. However, the Plaintiff's pleadings, beginning with the first Plaintiff's Motion for Entry of

3

Default, Summary Judgment, Final Judgment, and Incorporated Memorandum of Law filed on December 6, 2010, were served on Attorney Molleur rather than on Leasure personally. Although the Defendant may have been aware that the foreclosure action was going to continue after the relief from stay was granted, by not being served with the pleadings he did not have an opportunity to assure that his rights were being protected. That is, had the Plaintiff properly served Leasure, he would have become aware that his attorney was not handling this case and been able to act to protect his rights. Although this court sent notice of its various orders and decisions to Leasure at his home address, those orders and decisions denying summary judgment may not be sufficient notice to an ordinary person that his or her attorney is not advocating on their behalf.

Other than a general claim of valid defense the Defendant has not provided any evidence suggesting that if relief were granted that he is likely to be successful in challenging the foreclosure. (Leasure Aff. ¶ 16.) However, no discovery appears to have been conducted on his behalf and, at the very least, he may have been deprived of the opportunity to mediate his claim and enter into a modification of the promissory note and mortgage.

The court finds that the Defendant has asserted sufficient reasons justifying relief from judgment.

**The entry is:**

The auction of the property located at 14 Winston Hill Road (aka 24 Sea Rose Lane), Freeport, Maine is hereby STAYED until further order of this court;

The Defendant may file an Answer within twenty (20) days of the receipt of this order;

4

The Defendant is allowed ninety (90) days from the sate of this order to complete discovery;

The Defendant may file an Opposition to the Plaintiff's Second Motion for Summary Judgment within fifteen (15) days of the close of the discovery period.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).


DATE: 3/2?/12

_____
Joyce A. Wheeler
Justice, Superior Court

5

TD Bank NA-Stephanie Williams Esq
David Leasure-Charlene Philbrook Esq
Teri Leasure-Pro Se
Norway Savings PII-Zachary Greenfield Esq &
 Erica Johanson Esq
CMP PII-dismissed
Verizon New England Inc PII-dismissed