STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Docket No. RE-13-133

JAMIE L. BROWN, Personal Representative
Of the Estate of Shirley Gauthier,[1]
                                          Plaintiff,

v.

JOSEPH LENKOWSKI, ESQ., Successor
Trustee of the Roland E. Gerrish East Side Trust

                 and

JACQUELINE E. GERRISH,

                 and

GERRISH CORPORATION,

                 and

JULIE B. GERRISH,
                                          Defendants.

**ORDER AFTER
STATUS CONFERENCE**

Earlier this year the Maine Supreme Judicial Court vacated a judgment by
default issued by this court on August 25, 2014. *See Gauthier v. Gerrish*, 2015 ME 60.
A status conference was held on December 7, 2015 to address how this matter should
proceed in light of the Law Court's ruling and remand. James J. Shirley, Esq.,

---

[1] Plaintiff Shirley Gauthier passed away while the appeal to the Law Court was pending.
Upon counsel's filing of a suggestion of death, the Law Court issued an order determining that
the appeal would continue without a change in caption and further suspending M.R.App.P. 3(b)
to permit the trial court to rule on any motions to substitute a party for Gauthier. *Order
Regarding Death of Shirley Gauthier* dated March 3, 2015 (Gorman, J.). Plaintiff's counsel
subsequently filed a motion for substitution in this court, which was granted on April 2, 2015
thereby substituting Jamie L. Brown, Personal Representative of the Estate ov Shirley Gauthier,
as "successor to Shirley Gauthier's interest in the judgment by default . . . and for all purposes in
connection with any further proceedings that may become necessary to determine treatment of
that interest post-appeal."

appeared representing plaintiff. Pamela S. Holmes, Esq., appeared representing defendants Jacqueline E. Gerrish, Gerrish Corporation and Julie B. Gerrish.

The Law Court determined that, contrary to this court's ruling, Julie B. Gerrish was a necessary party to this action. Although the Law Court did not overturn the defaults entered against Jacqueline Gerrish and Gerrish Corporation, it did vacate the default judgment and remand for a hearing if necessary "to craft a specific, enforceable remedy after the entry of a default." *Id.* at ¶15. The Law Court further suggested that defendants may wish to ask for reconsideration of the sanction that was the basis for the defaults entered against Jacqueline Gerrish and Gerrish Corporation.

In the interests of expediting matters to see if all parties can reach a settlement, counsel agreed generally to the process set out below. It calls for a brief period of discovery, ADR and, if necessary, a follow-up status conference with the court and a period for filing any appropriate motions.

Therefore, in accordance with the conference, it is hereby **ORDERED** as follows.

1. <u>Joinder</u>. Julie B. Gerrish is joined as a party defendant in this action.

2. <u>Discovery</u>. Unless the court orders otherwise for good cause shown, discovery shall be completed not later than April 1, 2016. Discovery shall be initiated so as to enable the opposing party to serve a response within the period allowed by the rules but in advance of this deadline. No extensions of the discovery period will be granted except on motion demonstrating good cause and that discovery was timely and diligently conducted in good faith. Counsel shall not assume that agreements to conduct discovery beyond this deadline will be accepted by the court. Such agreements shall not delay trial.

3. <u>Alternative Dispute Resolution</u>. The provisions of Rule 16B shall apply. The parties shall confer promptly to choose an ADR process and neutral third party to

2

conduct the ADR process. Not later than 60 days after the date of this order, plaintiff shall notify the court of the ADR process selected, the name of the neutral and the time and place for the ADR conference. If the parties are unable to agree on either the process or the neutral, they shall notify the court promptly in writing. Unless all parties agree in writing as provided in M.R. Civ. P. 16(B)(a), the ADR conference shall be held and completed not later than May 15, 2016. A report of the ADR conference shall be filed by the neutral or the parties not later than 10 days after the completion of the ADR conference.

4. Motions. All motions, including without limitation a motion to reconsider the sanction/defaults but excluding motions in limine or those affecting the conduct of trial, shall be filed pursuant to M.R.Civ.P. 7 not later than the status conference referenced in paragraph 5, below.

5. Status Conference. The clerk shall set this matter for a status conference before this judge on the first available date after June 15, 2016, unless the matter has been resolved by ADR.

6. Sanctions. Failure to comply with deadlines as ordered may result in the imposition of sanctions pursuant to M.R.Civ.P 16(a)(1).

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: December 10, 2015

Wayne R. Douglas
Justice, Superior Court

3

RE-13-133

ATTORNEYS FOR PLAINTIFF:
KENNETH D KEATING
JAMES J SHIRLEY
ROBERTS & SHIRLEY
PO BOX 307
SPRINGVALE ME  04083

PRO SE DEFENDANT:
JOSEPH LENKOWSKI, ESQ., SUCCESSOR
TRUSTEE OF THE ROLAND E GERRISH EAST SIDE TRUST
PO BOX 929
SANFORD ME  04073

ATTORNEY FOR DEFENDANTS:
PAMELA LEGAL GROUP
PO BOX 1647
WELLS ME  04090

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.   RE-13-133
PAF-YOR-08-25-14

SHIRLEY GAUTHIER,

        Plaintiff

v.                                        **ORDER**

GERRISH CORP., et al.,

        Defendants

On September 9, 2013 Shirley Gauthier filed a complaint for equitable partition against Joseph Lenkowski, as successor Trustee for the Roland Gerrish East Side Trust, Jacqueline Gerrish and the Gerrish Corp.   The complaint involved a large piece of land and rent producing buildings in Alfred that were owned by the parties.   At the time the suit was filed there was no indication in the Registry of Deeds that Joseph Lenkowski, who is an experienced attorney in Sanford, had distributed the remaining one-quarter share to Julie Gerrish.   Ms. Gauthier who owns a one-quarter share also sought an accounting and her share of the net income from the property.

All of the parties were served.   Service upon the Gerrish Corporation was made upon Julie Gerrish though she was not served in an individual capacity.   On September 18, 2013 Attorney Rodney Shain filed an answer without counterclaim on behalf of Jacqueline Gerrish and Gerrish Corp.   A standard scheduling order issued on October 17, 2013 requiring the parties to engage in alternative dispute resolution. When Attorney Lenkowski failed to answer a default was entered against him as successor Trustee on October 31, 2013.

On December 6, 2013 counsel for the plaintiff sent a letter to the Clerk informing her that the defendants had failed to respond to his repeated attempts to arrange for alternative dispute resolution. A follow up letter was sent on January 7, 2014 suggesting that the parties were "still working" to schedule mediation. That letter was followed by a letter of January 15, 2014 from plaintiff's counsel indicating that he had been informed that Mr. Shain would be withdrawing as counsel. A stay of the deadlines was requested. On January 24, 2014 an order was signed staying the deadlines for 21 days. The order also stated that, "Within that time the defendants shall either schedule mediation or have new counsel enter an appearance." The order did not state that there would be a penalty for non-compliance.

A motion to withdraw was filed on February 19, 2014 indicating that because of personal circumstances Mr. Shain was unable to devote adequate time to the case and that he wished to be given permission to withdraw. On February 25, 2014 the motion was granted. All proceedings were stayed for an additional 21 days to allow the defendants to obtain new counsel. The order also stated, "Failure to indicate whether there will be new counsel or self-representation will result in a default." It should have been clear that a response from the defendants was now required within the next twenty-one days or there would be a default.

Counsel for the plaintiff waited well beyond the 21 days and sought a default in a request of April 17, 2014 when no response was forthcoming from the defendants. The default was granted on April 25, 2014. New counsel for the defendants entered an appearance through a notice dated April 28, 2014.

Defendants Jacqueline Gerrish and the Gerrish Corporation filed a verified motion to set aside default. The motion correctly noted that Mr. Shain was not meeting his professional obligations and noted the difficulty they had in reaching Mr.

2

Shain. The defendants, who are in possession of the land and whatever net revenues exist, did not check with the court clerk as the months passed or seek new counsel in a prompt manner once they learned directly, as early as the second week of January, that Mr. Shain was having difficulties.

Since a partition is inevitable and since I do not find good cause to set aside the default, see *Mockus v. Melanson*, 615 A.2d 245, 247 (Me. 1992), the motion to set aside default is denied. The argument that there should be an offset for payments for a Cadillac as part of early probate proceedings is without merit.

A second motion was filed by the defendants separately on June 27, 2014. That motion sought an order requiring Julie Gerrish to be joined as a defendant. At the time that Attorney Lenkowski was served he was the successor trustee for a trust, which was obligated to distribute a one-fourth share to Julie Gerrish. Mr. Lenkowski prepared the appropriate deed and signed it on August 30, 2013. He delivered the deed to Mr. Shain. It, however, was not recorded until February 24, 2014. Ms. Julie Gerrish was fully aware of this suit having been served as the Clerk of the Gerrish Corp. She also acted as the defendants' representative in dealing with or attempting to communicate with Mr. Shain.

The motion will be denied as Mr. Lenkowski, as successor trustee, was the proper party at the time service was made, a default was entered, and as Ms. Gerrish was fully aware of the litigation. All necessary parties were joined. No motion to substitute a party was made.

Lastly, a request for default judgment was requested. It will be granted by separate order.

The entries are:

Verified motion to set aside default is denied.

Motion to order joinder of Ms. Julie Gerrish is denied.

Dated:   August 25, 2014

Paul A. Fritzsche
Justice, Superior Court

4

RE-13-133

ATTORNEYS FOR PLAINTIFF:
JAMES J SHIRLEY
KENNETH D KEATING
ROBERTS & SHIRLEY
PO BOX 307
SPRINGVALE ME  04083

ATTORNEY FOR DEFENDANT:
PAMELA HOLMES
HOLMES LEGAL GROUP
PO BOX 1647
WELLS ME  04090