MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 138
Docket:        Cum-16-415
Argued:        April 12, 2017
Decided:       June 27, 2017

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

GREG GOODWILL et al.

v.

BRIAN BEAULIEU JR.

HJELM, J.

[¶1]  Brian Beaulieu Jr. appeals from a judgment entered in the District Court (Portland, *Woodman, J.*) finding him liable to Greg Goodwill and Victoria Goodwill for having made fraudulent and negligent misrepresentations about certain amenities in a house that he sold to them, and awarding damages of $10,775.  As the sole issue on appeal, Beaulieu argues that the court erred by declining to reduce the damage award by the amount of the settlement between the Goodwills and the real estate agency that listed Beaulieu's house.  *See* 14 M.R.S. § 163 (2016).  Because Beaulieu did not present evidence on which the court could find that the settlement was for the same injury that resulted in the judgment entered against him, we affirm the judgment.

## I. BACKGROUND

[¶2]    The following facts, found by the court, are supported by competent record evidence and undisputed by the parties on appeal.  *See Graham v. Brown*, 2011 ME 93, ¶ 2, 26 A.3d 823.  In April 2013, Victoria and Greg Goodwill saw a real estate listing for Beaulieu's house located in South Portland.  As described in the listing, the house featured a hot tub and gas fireplace in the master bedroom area, and an outdoor kitchen.  The Goodwills visited the home several times.  On one visit when Beaulieu was also present, the Goodwills inquired about the "functionality of the pumps and jets on the hot tub," and Beaulieu told them that the fixtures were in working order.  Verbally and in a handwritten note, Beaulieu also indicated to the Goodwills that the fireplace and outdoor kitchen worked and could be used as soon as the Goodwills arranged for the gas to be turned on.  The Goodwills purchased the home and moved in on the day of the closing.

[¶3]    After they purchased the house, the Goodwills encountered problems with the hot tub, the fireplace, and the outdoor kitchen.  The water heating system was inadequate to fill the hot tub with warm water, and they paid $3,900 for a heating and plumbing contractor to install a new water heater.  When the Goodwills tried to arrange for the gas service needed for the

fireplace and outdoor kitchen, the gas utility technician refused to install a gas meter because the pipes laid by Beaulieu did not meet code requirements. The Goodwills installed new pipes to connect the gas line to the home, work that the court determined to cost $4,200. The Goodwills also discovered that the gas fireplace was not vented and could not be used safely or legally. They obtained an estimate of approximately $6,500 for the work needed to fix that problem.

[¶4] In January 2015, the Goodwills filed a complaint against Beaulieu, alleging that he had fraudulently or negligently misrepresented the working condition of the hot tub, the gas fireplace, and the outdoor kitchen. A bench trial was held in July 2016, at which all three parties testified. Victoria was asked during Beaulieu's cross-examination whether she had "recovered anything from anybody else regarding this situation." She responded that she had recovered from the real estate agency that had listed Beaulieu's house "[b]ecause the information in the ad was not accurate, because those fixtures were not working." When she testified that she could not remember how much she had received because the settlement occurred several years ago, the Goodwills' attorney volunteered that the settlement was for $5,000. In his

4

summation, Beaulieu argued that the Goodwills' award should be reduced by the $5,000 they received from the real estate agency.

[¶5]  In a judgment issued on August 8, 2016, the court concluded that Beaulieu was liable for tortiously misrepresenting the condition of the outdoor kitchen and the fireplace.  The court did not find him liable with regard to the hot tub, however, because the court found Beaulieu had not represented to the Goodwills that the hot water supply was adequate but rather had "truthfully answered the only questions [the Goodwills] asked about the tub, regarding the jets and pump."  The court awarded damages of $10,775 for the expense of rendering the fireplace and outdoor kitchen operational.[1]  The court declined to reduce the award by the amount of the Goodwills' settlement with the real estate broker, explaining that the court "was not presented with evidence that [the Goodwills] were asserting the same damages against the brokerage as they asserted in this action."

[¶6]  Beaulieu timely appealed.

---

[1]  The damages awarded by the court took into account a judgment issued for Beaulieu on his counterclaim, where he alleged that the Goodwills owed him $125 pursuant to an agreement under which they would sell an item of his property that he left behind at the residence.

## II. DISCUSSION

[¶7] Beaulieu asserts that pursuant to 14 M.R.S. § 163, he was entitled to a $5,000 setoff against the amount of damages the court ordered him to pay to the Goodwills, based on their settlement in that amount with the real estate agency that listed his house. The Goodwills do not challenge the premise of Beaulieu's contention, which is that section 163 applies to a case of this nature. Rather, the question presented to us is whether Beaulieu demonstrated to the trial court that there is an identity of injury addressed in the settlement and the judgment that entitles him to a setoff pursuant to section 163.

[¶8] Section 163 "provid[es] a mechanism of mandatory set-off of the consideration paid to the injured party by one tortfeasor in settlement or release of all claims against the amount received in a subsequent verdict against one or more of the other tortfeasors." *Emery Waterhouse Co. v. Lea*, 467 A.2d 986, 996 (Me. 1983). The statute provides in pertinent part:

> Whenever a person seeks recovery for a personal injury or property damage caused by 2 or more persons, the settlement with or release of one or more of the persons causing the injury is not a bar to a subsequent action against the other person or persons also causing *the injury*.

> Evidence of settlement with a release of one or more persons causing *the injury* is not admissible at a subsequent trial

> against the other person or persons also causing the injury. After the jury has returned its verdict, the trial judge shall inquire of the attorneys for the parties whether such a settlement or release has occurred. If such settlement or release has occurred, the trial judge shall reduce the verdict by an amount equal to the settlement with or the consideration for the release of the other persons.

14 M.R.S. § 163 (emphasis added).[2] The statutory setoff is therefore a damages determination that the court must make in applicable cases after a verdict has been rendered.[3] The setoff is required in all instances to which section 163 applies except where the released party is later determined at trial not to bear causative fault. *Mockus v. Melanson*, 615 A.2d 245, 248 (Me. 1992).

---

[2] The statute bars the admission of evidence of the settlement at the trial of the nonsettling defendant. 14 M.R.S. § 163 (2016). Despite this provision, Beaulieu developed evidence of the settlement during his cross-examination of Victoria. Then, not only did the Goodwills' attorney not object, but he provided additional information to the court about the terms of the settlement. Thus, the parties chose to present the settlement evidence during the trial instead of doing so in the manner prescribed by the statute, which is after the court has adjudicated the pending claims. *See id.* Because in a nonjury proceeding, such as this, the risk of unfair prejudice to any party from the improper manner of presenting the settlement evidence is remote in any event, the process that the parties chose to use is not material to our analysis.

Additionally, section 163 obligates the trial court to inquire of the parties whether there has been a settlement between the claimant and any other responsible person or entity. Here, the parties themselves initiated the presentation of that information to the court, making it unnecessary for the court to make the requisite inquiry. No party has challenged that process, and because the parties had full opportunity to present the court with information bearing on the settlement, there can be no prejudice caused by any departure from this aspect of the statutory process.

[3] In his answer to the complaint, Beaulieu did not plead setoff as an affirmative defense. He has not waived the benefit of section 163, however, because in cases where the statute applies, its invocation is mandatory. *See Mockus v. Melanson*, 615 A.2d 245, 248 (Me. 1992).

[¶9]   Just as a party raising an issue that constitutes an avoidance of liability or that reduces damages bears the burden of proof on that issue, *see Fitzgerald v. Hutchins*, 2009 ME 115, ¶ 20 n.6, 983 A.2d 382; *King v. Town of Monmouth*, 1997 ME 151, ¶ 7, 697 A.2d 837, the party seeking to benefit from a section 163 setoff must demonstrate the existence of circumstances allowing for the setoff.  This means that Beaulieu was required to demonstrate that "the injury" that was the subject of the Goodwills' settlement with the real estate agency was also "the injury" for which damages were awarded to the Goodwills in the judgment entered against him.  The existence and nature of a prior settlement for the same injury is a question of fact that the proponent must establish by a preponderance of the evidence.  *Cf. Union River Assocs. v. Budman*, 2004 ME 48, ¶ 19, 850 A.2d 334 (stating that the "existence of an accord and satisfaction is a question of fact").  We will overturn the court's finding that led to its rejection of Beaulieu's claim for a setoff only if Beaulieu "can demonstrate that a contrary finding is compelled by the evidence." *Gravison v. Fisher*, 2016 ME 35, ¶ 31, 134 A.3d 857 (quotation marks omitted).

[¶10]   The only evidence regarding the scope of the settlement agreement between the Goodwills and the real estate agency was developed during Victoria's trial testimony.   When Beaulieu examined her, asking

8

whether she "recovered anything from anybody else regarding *this situation*," she responded that she had settled with Beaulieu's real estate agency "[b]ecause the information in the ad was not accurate, because *those fixtures* were not working." (Emphases added.)

[¶11] In its judgment, the court found Beaulieu liable for misrepresentations relating to only two of the three amenities at issue: the fireplace and outdoor kitchen. Beaulieu was found to be not liable for any problem with the third amenity, namely, the hot tub. In contrast, Victoria's testimony indicated that the settlement was for problems with all three fixtures: she agreed that the settlement arose from "this situation"—meaning the same set of claims asserted against Beaulieu—and she stated that the dispute with the real estate agency, resolved by the settlement, related to problems with "those fixtures [that] were not working," which would include the hot tub.

[¶12] The sole description of the settlement presented to the court therefore demonstrates that the settlement covered an injury—namely, the defective operation of the hot tub—for which Beaulieu was found to be *not* liable. In rejecting Beaulieu's argument that he was entitled to a setoff, the court reasoned that he had not demonstrated that the claim the Goodwills

"were asserting" against him was identical to the claim that they had settled with the real estate agency. This miscasts the basis for a section 163 setoff, which is a settlement for the same *injury*—as distinguished from the same claim—for which the non-settling party was later found liable. The erroneous characterization of the inquiry is harmless, however, because Victoria's testimony established that the injury addressed in the settlement went beyond that for which the court held Beaulieu liable. Because as a matter of law Beaulieu was not entitled to the setoff, the court did not err by declining to reduce the amount of the judgment by the amount of the settlement.

The entry is:

Judgment affirmed.

---

Peter M. McGee, Esq. (orally), South Portland, for appellant Brian Beaulieu, Jr.

David J. Van Dyke, Esq. (orally), Lynch & Van Dyke P.A., Lewiston, for appellees Greg Goodwill and Victoria Goodwill

Portland District Court docket number CV-2015-32
FOR CLERK REFERENCE ONLY